PER CURIAM.
This is an appeal by the former husband from the financial provisions of a final judgment of dissolution of marriage. We reverse.
The parties were married on July 4,1971. During the marriage, the husband engaged in several business ventures with moderate participation by the wife who spent most of her time as a homemaker and mother to the parties’ two children. Eventually, the husband become the owner/manager of two fast food businesses which, at the time of trial herein, were producing a combined net income of slightly over $30,000 per year. The business success of the parties can be traced to assistance provided by the wife’s father during the early period of the marriage.
The final judgment contained various financial provisions. First, the husband was required to pay child support of $130 per week, and to furnish the wife and children with health insurance. He was also required to pay $400 per month toward the rental of an apartment for the wife and children, and to pay the utilities and local telephone bills incurred by them. In addition, he was ordered to give the wife his interest in a 1978 Thunderbird automobile and to pay $50 per week rehabilitative alimony for a period of three years. The wife was also awarded a 50% interest in the businesses. Finally, the parties were ordered to sell certain real estate, which was the marital home, and to equally divide the proceeds, as well as the furniture and furnishings located in the marital home.
The award of a 50% interest in the businesses will afford the wife one-half of the business income and empower her to exercise equal managerial control. Thus, if the two businesses continue to produce the same income, the husband and wife will each receive approximately $15,000 annually. Due to the financial variables involved, it is not possible to compute the husband’s precise obligations under the judgment on a dollar basis. It is, however, apparent that the total award is more than the husband can reasonably be expected to bear on his share of the business income. There is no evidence that the parties have other income, and the child support award alone is almost half of the husband’s anticipated income. Moreover, since the total of the husband’s annual obligations for child support, rent, and alimony is in excess of his $15,000 anticipated income, it is clear that the award is not within the husband’s ability.
We deal here with two business properties of which the husband has been both the owner and the manager. The $30,000 annual income represents both a return on investment and the husband’s earnings from his management efforts. We conclude that the trial judge abused his discretion in accordance with Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We reverse all of the purely financial provisions of the final judgment and remand to the trial court for further consideration. The trial judge should fashion a final judgment making such awards as are within the reasonable abilities and needs of the respective parties. Although we reverse all of the financial provisions this opinion should not be construed as any indication that the wife is not *348 entitled to substantial alimony or other awards of property. We conclude, however, that full reconsideration is necessary in view of the interrelationship of the various factors which must be considered by the trial court. As stated by this court in Bradley v. Bradley, 327 So.2d 253, 254 (Fla. 4th DCA 1976):
since other aspects of the final judgment may have been influenced by the lump sum alimony award, we remand the cause to permit the trial court to re-assess the matter and take further testimony if he deems it necessary to properly adjudicate the issues involved.
The matter is thus remanded for further proceedings which shall include a new final judgment and may be based upon further evidence.
REVERSED AND REMANDED.
BERANEK, J., OWEN, WILLIAM C., Jr., and GREEN, OLIVER L., Jr., Associate Judges, concur.