442 So.2d 232 (1983)
Robert B. ENTE, Appellant,
v.
Ruth H. ENTE, Appellee.
No. 82-735.
District Court of Appeal of Florida, Fifth District.
October 20, 1983.
*233 David R. Best and Kimberly A. Ashby of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Michael S. Wilson, Orlando, for appellee.
COWART, Judge.
This case involves the propriety of an award of lump sum alimony and of permanent periodic alimony rather than rehabilitative alimony.
At the time of dissolution of their marriage the parties had been married twenty-six years. The two children of the marriage were adults. Both parties are educated and industrious. The husband, an administrator, earned $31,200 a year gross plus some fringe benefits. Except for a year at the time of the birth of the oldest child, the wife has worked during the marriage, owns her own bookkeeping service, and is studying accounting. She has declined a job offer of $11,000 per year because she can earn more in her own business.
With immaterial exceptions, all assets of the parties were accumulated during the marriage and, except for the marital home, the trial court made an equitable distribution by dividing the marital assets equally. The trial court ordered the marital home to be sold at partition sale and the proceeds distributed (a) $4,000 to the husband to repay a life insurance loan used to acquire the house, (b) $30,000 to the wife as lump sum alimony and (c) the remainder to be split equally between the parties. The husband was also ordered to pay the wife $450 per month as permanent periodic alimony. The husband appeals the lump sum and periodic alimony awards.
As explained in Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981), in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the Florida Supreme Court created an ambiguity in the legal meaning of the term "lump sum alimony" when it cited Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), which used the term to refer to an exceptional one time payment to meet and discharge a spousal support obligation and also, citing Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dism'd 307 So.2d 186 (Fla. 1975), used the term to describe the tool which a trial court can use to make an equitable distribution of marital assets between the parties. Brown had used the term in the property distribution sense when it noted that "lump sum alimony is no longer frowned upon in adjusting the marital wealth of the parties at the time of dissolution of the marriage." 300 So.2d at 725. See also Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983).
As the trial judge in this case did not state the purpose of the lump sum alimony award we review it to determine if it was properly a single payment of spousal support or a part of an equitable distribution of marital assets or erroneous.
The wife testified at trial that she considered the parties marriage to be a "fifty-fifty marriage" and the trial judge stated an intention to divide the marital assets equally and did so, except as to the proceeds of the sale of the marital home. While the concept of "equitable distribution" has not been held to require an absolutely equal division of the marital assets, this court has indicated that is a good starting point, see Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981). Since Canakaris, some cases have upheld some equitable distributions that were not equal and some cases have reversed equitable distributions that were not equal;[1] but more importantly it should be noted that the cases have consistently upheld an equal division as being an equitable distribution. Equality of treatment of equals is equitable[2] *234 and normally giving each marital partner a substantially equal share of the purely marital accumulations cannot be said to shortchange or to unfairly endanger the economic status of the other partner. The word "substantially" is used because of the impracticability of precisely dividing unlike items evenly, although an even division is the objective. Further, as in Canakaris, sometimes the parties separate and go their own ways and in effect discontinue their marital, economic and other relationships, long before a legal proceeding to formally dissolve the marriage is instituted. Therefore the period within which marital property is accumulated by joint effort may not always be perfectly coextensive with the dates of marriage and dissolution and necessarily adjustments must be made. In cases where a trial judge determines that considerations of equity dictate a departure from an equal distribution we strongly recommend that the reason, and the specific findings of fact supporting the reason, be set forth. Therefore, the $30,000 lump sum award cannot be justified or affirmed as part of the equitable distribution of the marital assets in this case. Neither do the facts in this case meet the Yandell standard for the award of a single payment of spousal support.
The determination of whether rehabilitative or permanent periodic alimony should be awarded in a particular case depends, first, on the determination of a question of fact, i.e., whether the spouse has the present or potential ability of self-support and, second, on the correct application of the legal principles involved in the conceptual basis for rehabilitative alimony and permanent periodic alimony.
If in this case the marital home sold for $100,000 ($10,000 below its appraised value), after the $29,000 mortgage and the $4,000 life insurance loan is repaid and the balance of $67,000 is divided equally, the wife's share, $33,500 plus the approximately $19,700 received from the distribution of other assets, would equal about $53,200 in liquid assets, which, when invested, will yield a substantial return to augment the wife's own earnings. In addition the wife owns her own business and one-half of a remainder interest in a condominium and other separate property. There is substantial competent evidence of the wife's ability to support herself. She has more formal education than her husband and can attain an accounting degree in a few years. She is 46 years old, is in good health, has the ability to run her own business, and does not have the impediment of minor children. This seems to be an ideal case for rehabilitative rather than permanent alimony. Support alimony does not have for its purpose the equalizing of the individual and different earning abilities of the parties.
This court has recently considered at length the purposes of rehabilitative alimony and permanent periodic alimony and held that where, as here, a spouse has the capacity or potential for self-support, rehabilitative alimony and not permanent periodic alimony should be awarded. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983).
Accordingly, the award of lump sum alimony and permanent periodic alimony is reversed and this case is remanded to the trial court for consideration of an award of rehabilitative alimony and for further proceedings consistent with this opinion.
REVERSED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] See, e.g., Grimmett v. Grimmett, 425 So.2d 545 (Fla. 4th DCA 1982).
[2] "Aequitas est aequalitas" or "equality is equity" is an ancient maxim. See J. Morgan, An English Version of Legal Maxims 11 (3rd ed. 1878).