467 So.2d 426 (1985)
Richard Alan NOAH, Appellant,
v.
Elizabeth Anne NOAH, Appellee.
No. 84-1219.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
Rehearing Denied May 10, 1985.
Richard W. Glenn, West Palm Beach, for appellant.
Martin L. Haines, III, North Palm Beach, for appellee.
LETTS, Judge.
In this appeal from a final judgment of dissolution, it is conceded that the wife received almost all of the joint assets. She was also awarded periodic permanent alimony. We reverse in part.
We cannot quarrel with the award of permanent periodic alimony in this case. The marriage lasted ten years, the wife was found to have been a "good wife" and though employed as a typist, she has major health problems. The husband is healthy and has a successful career as a financial analyst at the same major corporation. Accordingly, under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), this periodic award cannot be disturbed.
The equity in the joint assets of the parties totalled approximately $109,000.00. *427 All of these were awarded to the wife except for an automobile valued at $3,300.00. We conclude this disproportionate distribution was an abuse of discretion under the facts of this case and the controlling law.
The five principle assets of value were:
A Condominium having a $35,300.00 equity.
A House having a $61,000.00 equity.
Furniture valued at $9,000.00.
Her automobile, equity $600.00.
His automobile, equity $3,300.00.
We see nothing wrong with awarding her the house, the furniture and the automobile used by her, but the award of the condominium as well went too far. The Supreme Court version of Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985) recently announced, permits equitable distribution. The distribution here was most inequitable.
Reading the final judgment, we note that the stripping away of nearly all of the husband's assets was in part predicated on the husband's adulterous affair. We are not personally unsympathetic to this predicate, but we believe it is contrary to the teachings of our Supreme Court in Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979).
From our reading of Williamson, which case we concede is somewhat equivocal, it appears that adultery can be considered to reduce or obviate alimony to an adulterous spouse claiming it. We also conclude that adultery can be considered adversely to the unfaithful spouse not seeking alimony, if the adultery is introduced to cancel out similar conduct by the spouse who is seeking the alimony. In other words, even if the claiming spouse commits adultery, that should not be held against him or her if the non-claiming spouse has likewise sinned. However, our reading of Williamson does not support the theory that adultery by the non-claiming spouse, can be used to punish him and reward the faithful claiming spouse.[1] As Williamson opines, the primary standards to be considered remain need (in the case of lump sum alimony "justification" rather than need: See Tronconi) and ability to pay. It is true that under Williamson, there is yet another occasion when adultery by the non-claiming spouse might serve "partially" as a basis for lopsided distribution in favor of the claiming spouse. We refer to the situation "where there is not enough property or income to permit either party to live alone comfortably." Id. at 1019, a circumstance not inapplicable to the case at bar. However, though the one without fault may be entitled to greater consideration, Williamson does not appear to go so far as to say that such fault would in effect cause the spouse without fault to receive distribution of virtually all the assets. To us, to do that smacks only of punishment which Williamson concludes to be improper.
Accordingly, we hold that the distribution here was inequitable and an abuse of discretion. We, therefore, reverse the award of the condominium to the wife and remand for the entry of an amended final judgment distributing the condominium to the husband, together with his right to sole possession thereof. In all other respects the judgment is affirmed.
In conclusion, while we are confident that our reversal is appropriate, we are not so confident of our interpretation of Williamson. Thus, out of deference to a most competent and intelligent trial judge and in the belief that the matter is of great public importance, we certify the following question to the Supreme Court:
DOES THE WILLIAMSON DECISION PERMIT A TRIAL JUDGE TO MAKE A DISTRIBUTION OF VIRTUALLY ALL THE ASSETS TO A FAITHFUL WIFE, IN PART BECAUSE HER HUSBAND HAS BEEN UNFAITHFUL?
REVERSED AND REMANDED.
DELL, J., concurs.
BARKETT, J., concurs in part and dissents in part with opinion.
*428 BARKETT, Judge, concurring in part and dissenting in part.
I concur with the majority that the award of permanent periodic alimony should be affirmed. I respectfully dissent from the remainder of the majority decision for three reasons.
First, I cannot agree with the majority's characterization of the court's award as totally or primarily punishment for the husband's adultery. To the contrary, the trial court specifically and carefully delineated the many reasons for its award in the final judgment:
Because the wife was a good wife, in view of her contributions to the marriage, the disparity in the parties' income, the husband's ability to pay alimony, the wife's inability to earn a sum sufficient to support herself, the parties' ages, the length of the marriage, the wife's ill health, and because of the husband's gross marital misconduct, the court will award the wife a combination of permanent and lump sum alimony.
There is nothing in the record or the trial court's order that permits this court to conclude that any greater weight was accorded to the husband's adultery than to the other factors cited by the trial court.
Second, I believe that the question to be certified is much too broad. The issue in this case is whether the adultery of a spouse not claiming alimony is one of the factors which may be considered by the trial court in the absence of any adultery on the part of the spouse claiming alimony. I suggest that if adultery is to be considered at all in relation to needed alimony then consideration must be applied equally and the answer to the question is in the affirmative. It would seem to be an equal protection violation if a court were limited to considering adultery only when committed by a spouse requesting alimony. If, for example, a court is able to award an adulterous wife less than she needs under a theory that her adultery "caused" the breakup of the marriage and she should therefore bear the economic brunt of the resulting consequences, then a court should likewise be able to leave the adulterous husband with less than he needs under the same theory.
Frankly, it is repugnant to consider fault at all and it seems illogical to legislatively isolate the fault of adultery as opposed to physical abuse, neglect, or a host of others. Be that as it may, we cannot ignore the legislative pronouncements. If we are going to apply them in this fashion, however, we can ensure that they will be applied equally to all similarly situated parties. This is what I believe the court in Williamson v. Williamson, 367 So.2d 1016, 1019 (Fla. 1979), was attempting to do when it said:
Nor can we agree, as a rule of universal application, that the conduct of the spouse not seeking alimony may be considered only in mitigation or defense of the conduct of the spouse seeking alimony.
Furthermore, I cannot agree with the majority that Williamson stands for the proposition that where there is not enough property or income to permit either party to live alone comfortably "adultery by the non-claiming spouse might serve `partially' as a basis for a lopsided distribution in favor of the claiming spouse." Does this infer that Williamson means trial courts are to consider only poor people's adultery? I suggest that this language in Williamson refers only to the economic factors in that case and not to adulterous conduct per se. In Williamson, the court specifically stated:
[P]etitioner was responsible for his wife's strained economic condition because he abandoned her in 1973, taking with him a considerable portion of the family savings, and because he refused to attempt a reconciliation although respondent remained willing to do so. On this basis, the court concluded that, as a matter of equity, petitioner should bear the heaviest portion of the economic burden placed on both parties by the judgment of dissolution. [Emphasis supplied.]
*429 Id. at 1017. The court further noted that in that case "neither adultery nor any other extreme misconduct was charged." Id. at 1019.
Accordingly, it is my view that the compromise involved in considering fault in a no-fault state is that if a standard is to be applied, it should be applied equally to all, and whether a standard involving fault is to be applied "will depend upon the circumstances of each case." Williamson, 367 So.2d at 1019.
I am satisfied that in the case before us, the trial court had a sufficient basis to consider adultery as a factor in awarding alimony, including evidence that the husband's adultery caused an unusually severe trauma on the wife who was already in ill health. The trial court was free to consider all these factors in determining whether the wife was precluded by her condition and circumstances from ever being in a position to accumulate assets sufficient to ensure financial security in her old age, thus justifying the award of lump sum alimony.
Third, I think the majority errs in specifically adjusting the award by distributing the condominium to the husband. Assuming the trial court has abused its discretion, the appropriate remedy in my opinion is to remand, allowing the trial court to reconsider the matter. In Goss v. Goss, 400 So.2d 518, 519 (Fla. 4th DCA 1981), this court specifically adopted the principle enunciated in Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981):
With respect to the authority of the trial court on remand, we adopt the following principle announced by our sister court in Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981):
In Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980), our Supreme Court observed that in a dissolution cases apportioning assets and providing necessary support are difficult problems and that the various procedural remedies which the trial court can use to solve these problems are interrelated and, from the trial judge's viewpoint, are generally all part of one overall scheme. It follows, therefore, that when a trial judge is found to be in error as to some aspect of his disposition the cause should be remanded with sufficient authority that he may again exercise broad discretion to modify the related matters within his original plan for division and support as may be necessary in order to do equity and justice between the parties in view of the changes required by the appellate opinion.
See also Brown v. Brown, 429 So.2d 846 (Fla. 4th DCA 1983); Miller v. Miller, 423 So.2d 638 (Fla. 4th DCA 1982); Liebler v. Liebler, 413 So.2d 1246 (Fla. 3d DCA 1982), Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982); Steinberg v. Steinberg, 407 So.2d 346 (Fla. 4th DCA 1981).
NOTES
[1] We note an exception to this rule where the adultery of the non-claiming spouse has required the expenditure of funds which has affected his ability to respond in alimony and support. See McCloskey v. McCloskey, 359 So.2d 494, 496 (Fla. 4th DCA 1978).