469 So.2d 212 (1985)
Charles H. TULLER, Appellant,
v.
Theresa Marie TULLER, Appellee.
No. 84-767.
District Court of Appeal of Florida, Fifth District.
May 23, 1985.
J. Richard Staley, Orange City, for appellant.
James R. Clayton, of Clayton & Teal, P.A., DeLand, for appellee.
ORFINGER, Judge.
The husband appeals from the final judgment dissolving the marriage between the parties, contending that the court made an inequitable distribution of the marital assets. We affirm.
The marriage lasted approximately nine years and produced no children. It broke up because the husband became enamored of another woman who was bearing his child at the time of the final hearing. Both parties were employed and their net earnings *213 were substantially similar. The trial court awarded no periodic alimony, but used the vehicle of lump sum alimony as a means of making an equitable division of the marital assets. The husband contends that he was shortchanged.
The court found that, with some minor exceptions, all real and personal property, no matter how titled, had been acquired with marital funds and constituted marital property. It also found that non-marital personal property was in the possession of the party to whom it belonged. The wife was awarded the marital home ($75,000 less a mortgage of $49,000 which the wife is required to pay  for a net equity of $26,000); a 1977 Camero ($3,000); an account receivable from members of her family ($3,000); and the furnishings in the marital home. The husband was awarded two automobiles and a motorcycle ($2,200); a vacant lot ($5,000); all mechanic's tools and woodworking tools acquired during the marriage ($7,500); and an antique pitcher and wash basin.
Lump sum alimony is a viable tool for an equitable division of marital property. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). Although the husband contends he was shortchanged and at first blush this contention appears sustainable, the trial court found that the husband was responsible for the loss of approximately $29,000 of marital funds through investments in the silver market and this was a factor which the court could have taken into consideration in determining how to divide the property. We will not disturb his findings on factual matters. Conner v. Conner, 439 So.2d 887 (Fla. 1983). Equitable division does not necessarily mean equal division Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981). The trial court could have concluded that the husband was more responsible than the wife for the poor economic condition in which the parties found themselves because of his large losses in the silver market. Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979). In the light of the evidence here, we do not find an abuse of discretion such as would warrant our reversal of the trial court's determination of what division of assets is equitable. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
AFFIRMED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
This case involves equitable distribution of marital assets.
During their nine-year marriage the parties had no children. Each party works; weekly the husband grosses $192.80 and nets $164.34; the wife grosses $217.60 and nets $200.17. All assets of the parties constitute marital property acquired by the joint and several efforts of the parties during the marriage except the husband owned his tools as separate property before the marriage. The jointly owned marital home was the main asset of value, the parties' equity being worth $26,000. The trial judge distributed the marital property as follows:
To the wife: equity in the house, $26,000; 1977 Camaro automobile, $3,000; furniture, $5,000; accounts receivable $3,000, for a total value of $37,000.
To the husband: vacant lot, $5,000; husband's tools (his separate property  value $5,000-$7,500); 1973 El Camino, 1960 Valiant, 1970 Honda motorcycle, $2,200; antique pitcher and wash basin (value unknown but not $29,800), for a total value of about $7,200 excluding the husband's tools.
Section 61.08(1), Florida Statutes, specifically allows the court to consider adultery in determining alimony (support) but there is no comparable statute authorizing adultery or other fault to affect the equitable division of marital assets on dissolution. Apparently, if the wife becomes unfaithful and dissolution results she is entitled to an equitable distribution of marital assets without her share being reduced because of her fault, but the husband's marital fault justifies shortchanging him in making an equitable distribution of marital assets. *214 Such a holding conflicts with Noah v. Noah, 467 So.2d 426 (Fla. 1985), where the fourth district held that a property distribution which awarded the wife nearly all of the joint assets in part because of the husband's unfaithfulness was inequitable and constituted improper punishment. Similarly, if the husband uses marital funds to make a good investment upon dissolution the wife is entitled to equitably share the increased marital assets resulting from the husband's good investment of marital funds but if he makes a bad investment of marital funds upon dissolution the trial judge should consider that fact and dock his share for the resulting loss of marital assets. This makes the marriage a very good economic partnership for the wife but not for the husband.
There is no legal justification for the disproportionate and inequitable distribution of the marital property in this case. The husband was badly shortchanged. See McSwigan v. McSwigan, 450 So.2d 284 (Fla. 4th DCA 1984) (reviewing court is not preempted from finding that one spouse has been shortchanged where the trial court has applied incorrect rule of law); Marshall v. Marshall, 445 So.2d 706 (Fla. 4th DCA 1984) (Letts, J., concurring specially). See also Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Ente v. Ente, 442 So.2d 232 (Fla. 5th DCA, 1983); Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981); Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981).
The division of marital property should be reversed and the cause remanded for redetermination of that issue in accordance with the cited authorities.