542 So.2d 466 (1989)
John Walter GREEN, Appellant,
v.
Susie N. GREEN, Appellee.
No. 88-1231.
District Court of Appeal of Florida, Fifth District.
May 4, 1989.
Martin I. Edwards, and Michael J. Korn, of Christian, Prom, Korn & Zehmer, P.A., Jacksonville, for appellant.
Kurt Andrew Simpson, of Kurt Andrew Simpson, A Professional Ass'n, Jacksonville, for appellee.
SHARP, Chief Judge.
John Green appeals from a final judgment of dissolution. He argues that the judgment is fatally flawed by the trial judge's erroneous determination that certain substantial assets he received from his father by way of gift or inheritance were "marital assets," and therefore considered in the court's equitable distribution of other assets to Susie Green, the former wife and appellee. We agree and reverse in part.
The parties' marriage lasted approximately seven years before they separated. There was one five-year old child, who both parties agreed, should reside primarily with the wife. Both parties were gainfully employed, although John's net income ($3,246 per month) exceeds Susie's ($1,300 per month). During the marriage, the wife earned a college degree and was able to hold a far better job than the ones she had, prior to the marriage. For these reasons, the trial judge ruled that rehabilitative alimony was not appropriate.
Although there was some dispute at trial as to the values of various assets, sufficient evidence was adduced to support the court's findings. The parties' marital assets consisted of: the marital home ($20,000 equity value); furniture or furnishings ($2,000); two automobiles ($7,000); John's IRA, his earned interests in a 401K retirement plan and a profit sharing plan through his employer ($12,106 in total); and the cash value of John's life insurance policy ($3,400). These assets totalled $44,506.
However, the marital asset pot was erroneously enlarged in this case by throwing in John's one-half interest (valued at $75,000) in a single family residence and acreage in Nassau County which he owned jointly with his brother, and two bank accounts totalling $20,000. The real estate was conveyed by John's father to John and his brother in 1982, conditioned upon their surviving him, and their father reserved *467 for himself a life estate in the property. John's father died after the parties separated but before the dissolution. Similarly, the bank accounts were created by John's father placing the funds in joint names with himself and his two sons. Upon the father's death, ownership of the funds passed to John.
When evidence of the bank accounts and the conditional warranty deed were proffered at the trial, John's attorney objected on grounds of relevancy and materiality because they were not marital assets. Susie's attorney argued correctly that although these separate assets should not be considered for purposes of equitable distribution of marital assets, they were relevant to the issue of John's ability to pay alimony (in the classic support sense) and child support. See Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1378 (Fla. 1981).
Two weeks later, during the wife's testimony, Susie's counsel took the position that the Nassau real estate and bank accounts were marital assets subject to equitable distribution, because John's contingent interest was created at a time during the marriage, and he did not receive them through any probate proceedings. The record is sparse on the circumstances surrounding John's father's creation of these contingent interests. This is because when admitted in evidence, the trial court ruled he would not consider them for equitable distribution purposes. In any event, the parties did not present any evidence that John paid valuable consideration for these conveyances or transfers, or that they were anything other than what they prima facie appear to be: conditional gifts from John's father to John, which took effect when John survived his father.
At oral argument, Susie's attorney argued that the record was devoid of any evidence that the transfer of real property was a gift, and that the deed's recitation of $10.00 consideration paid was evidence that it was a marital asset. However, the transcript of the exchanges among the attorneys and trial judge discloses the "understanding" that the real property was a separate asset by way of either gift or inheritance. Furthermore, the payment of trivial or merely nominal consideration does not alter the obvious nature of the transaction. These transfers were gifts, and should not have been placed in the marital asset pot.[1]
In shaping its final judgment, the trial court said that "[t]o achieve equitable distribution of the parties' property," it was necessary to give the wife the marital home, furniture, the more valuable car ($6,000), and $20,000 lump sum alimony. These assets total $48,000. The husband was allotted the Nassau real estate, his IRA, profit sharing and retirement accounts, the bank accounts with his father and brother, the less valuable car ($1,000), and his life insurance. These assets total $111,506. However, of the assets allocated to John in the judgment, he received only a total of $16,506 of the marital assets.
This disparity in the allocation of marital assets was not intended by the trial court. It remarked in the final judgment that it thought that John had fared "significantly better" than the wife in the distribution of assets and liabilities. In fact, by including as marital assets John's separate property gifted to him by his father, John in fact fared considerably worse than the wife in terms of equitable distribution.
Susie also argued that despite the trial court's erroneous inclusion of separate assets in the marital asset pile, the trial court should be affirmed because the award was within its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). However, taking this record most favorably to the wife's position, there are no circumstances or facts which justify such an unequal distribution of marital assets ($48,000 or 76% to Susie and $16,506 or 24% to John).[2] On remand, the lower court shall make an equitable distribution of the *468 parties' marital assets. After doing so, it may consider anew an award of alimony, periodic or lump sum.[3] § 61.08(2), Fla. Stat. (Supp. 1988).
We affirm the trial court in all other regards (i.e., requiring John to pay a $3,000.00 debt incurred by Susie for necessities[4] after separation); and the lower court's award of attorney's fees to the wife, because of John's far superior economic circumstances.
REVERSED in part; AFFIRMED in part; REMANDED.
COBB and DANIEL, JJ., concur.
NOTES
[1] Wright v. Wright, 505 So.2d 699 (Fla. 5th DCA 1987); Rabben v. Rabben, 468 So.2d 500 (Fla. 5th DCA 1985); Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984).
[2] An equal division of marital assets, while not required, is a good starting point. See Poe v. Poe, 522 So.2d 50, 51 (Fla. 5th DCA 1988); Laman v. Laman, 490 So.2d 985, 986 (Fla. 5th DCA), rev. denied, 500 So.2d 544 (Fla. 1986); Marston v. Marston, 484 So.2d 32, 34 (Fla. 2d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986); Tuller v. Tuller, 469 So.2d 212, 213 (Fla. 5th DCA 1985); Ente v. Ente, 442 So.2d 232 (Fla. 5th DCA 1983); Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981). An award of substantial permanent periodic alimony may permit an unequal distribution of marital assets to that spouse. Mahaffey; Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986). Performance of extraordinary services during the marriage may justify an unequal division. Beasley v. Beasley, 508 So.2d 23 (Fla. 4th DCA 1987); Tommaney v. Tommaney, 405 So.2d 454 (Fla. 2d DCA 1981).
[3] We do not intend to foreclose any possible remedy typically available to trial courts in such cases, such as permitting the former wife and child to reside in the marital residence during the child's minority and requiring the former husband to pay part of the joint mortgage obligation.
[4] See Caldwell v. Caldwell, 383 So.2d 1115 (Fla. 3d DCA 1980); Creel v. Creel, 378 So.2d 1251 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1111 (Fla. 1980).