782 So.2d 502 (2001)
Edward C. O'CONNOR, Appellant,
v.
Stephanie O'CONNOR, Appellee.
No. 2D00-282.
District Court of Appeal of Florida, Second District.
March 30, 2001.
*503 Jan Soeten, Jr., of Brandon Law Offices of Jan Soeten, Jr., P.A., Brandon, for Appellant.
Eileen H. Griffin of Griffin & Associates, Brandon, for Appellee.
PATTERSON, Chief Judge.
The husband, Edward O'Connor, appeals from an amended final judgment of dissolution of marriage and challenges the amount of permanent alimony awarded to the wife, Stephanie O'Connor. We reverse.
This was not an acrimonious divorce. The parties agreed to the primary residential care of their remaining minor child, child support, and the division of a substantial amount of marital assets. The husband stipulated that the wife was entitled to an amount of permanent periodic alimony. The amount of that award was left to the court to determine.
At the time of their marriage in 1978, the wife was employed as a dental assistant, and the husband was completing dental school. The husband has maintained his own dental practice throughout most of the marriage. Although the wife worked as a dental assistant in the husband's office, her employment was essentially part time and she devoted substantial time to being a mother and maintaining the household. At the time of the final hearing, each party was age forty-five and in good health.
At the conclusion of the proceeding, the wife had a net worth of $691,199.62, of which $492,899.04 were cash assets, including a $139,000 nonmarital inheritance from her mother. The husband's net worth was $502,244.44, of which $152,339.49 constituted cash assets. In the final judgment, the trial court found that the inheritance "has no relevance to the amount of alimony to be paid by the Husband to the Wife" and "the wife invested approximately $140,000.00 in a retirement account which defers the income upon said investment." The court then awarded the wife $5,500 per month as permanent periodic alimony. In addition, the husband was ordered to pay $1,379 per month in child support, which would decrease to $891 per month when the parties' daughter graduated from high school.
There are three distinct problems in the alimony award in this case, any one of which would require a reversal. Firstthe two primary considerations in the award of permanent alimony are need and ability to pay. As to the need, the court must consider the standard of living enjoyed during the marriage and each party's age, health, and earning ability. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
This is true even when, as here, the parties stipulate that permanent alimony is appropriate. McCarty v. McCarty, 710 So.2d 713 (Fla. 1st DCA 1998). In this case, the trial judge made no finding of the *504 dollar amount of the wife's need. The wife submitted a financial affidavit stating her need at $8,494.36 per month. The husband submitted that her actual need was $4,153.40, that being the amount necessary to sustain the entire family prior to separation. The trial judge observed:
But I want you to know that in both of your affidavits, there is fat in both of the affidavits. I never cease to be amazed every time I see a financial affidavit as to how people judge about what they spend.
I'll tell you what: Y'all lived a pretty good lifestyle if both of your financial affidavits is true. I'm not saying you intentionally inflated them, but they are inflated in places and there is a lot of fat that can be cut out on both of your sides.
Without making any finding as to the wife's actual needs, the trial judge then set the alimony at $5,500 per month. This was error.
Secondin determining the amount of alimony, the court must consider the parties' income from all sources. Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997). Included in the wife's cash assets was the $139,000 inheritance from her mother and $140,000 which she had invested from an earlier distribution of marital assets. Both of these assets are income sources of the wife. The trial judge specifically found that the inheritance was not relevant and apparently did not consider the $140,000 investment because the income was intentionally deferred. This was error.
Thirdthe court made no determination of the wife's ability to contribute to her own support. This is a factor the court must consider. Shrove v. Shrove, 724 So.2d 679 (Fla. 4th DCA 1999). The wife is forty-five years of age, in good health, and an experienced dental assistant. Although she may be entitled to a standard of living commensurate with the marital standard of living, it does not mean that she has no responsibility to contribute to her own support. She is tithing 10% of her income to her church, and she contributed $5,000 to a charitable organization. At the time of the final hearing, she was performing volunteer work two-and-one-half days each week. By contrast, the husband is employed full time and the $5,500 in alimony represents in excess of 50% of his monthly net income.
In this regard, the trial judge commented:
Then I also considered whether or not the wife should go to work. It's not so much for the money that she needs to go to work, Ms. Griffin, it's for her own benefit, for her own self-worth and for respect that she might have for herself, and if she's got time to go out here and do volunteer jobs and work for free, she can go out here and get paid for it. Now, whatever that means, she'll have to determine herself.
She testified that to go into work as a dental assistant might make it very difficult for her considering, you know, the people that she knows within the community. Well, I'm quite sure that there are dental assistant jobs that she can get that she would be very happy with.
If not, even if she wants to do something less than being a dental assistant, there is all kind of sales positions, just all kinds of things out here in the world. There are help wanted signs everywhere I go and when people tell me, Judge, I can't get a job, I tell them they must be blind, you know, with all the signs that I see out here in the world. She needs to work and she needs to do something for herself. She does not need to dwell on why this marriage failed or what is going to happen to her husband. *505 Yet, the trial judge made no finding as to the wife's earning ability and did not factor her potential earnings into the alimony award. This was error. See Cifrian v. Cifrian, 715 So.2d 1068 (Fla. 4th DCA 1998).
The husband also challenges the requirement of the final judgment that he maintain a $450,000 life insurance policy, payable to the wife, as security for his alimony obligation. The court may impose such a requirement in appropriate circumstances. Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989). However, in so doing, the court must consider the cost and financial impact on the husband. Schere v. Schere, 645 So.2d 21 (Fla. 3d DCA 1994). Here, the trial judge erred in failing to consider these factors.
Accordingly, we reverse the amount of the permanent alimony award and the requirement that the husband provide life insurance and security for the payment of alimony and remand for reconsideration of these issues consistent with this opinion.
Reversed and remanded.
BLUE and SALCINES, JJ., concur.