852 So.2d 934 (2003)
William M. BECK, Jr., Appellant/Cross-Appellee,
v.
Sydney BECK, Appellee/Cross-Appellant.
No. 2D01-3517.
District Court of Appeal of Florida, Second District.
August 27, 2003.
*935 Wesley Pardue of Knox & Givens, P.A., Tampa, for Appellant/Cross-Appellee.
Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellee/Cross-Appellant.
*936 FULMER, Judge.
In this appeal from the final judgment of dissolution of marriage, William M. Beck, Jr., ("the Husband") challenges the award of permanent alimony, the equitable distribution scheme, and the award of attorney's fees and costs. In the cross-appeal, Sydney Beck ("the Wife") challenges the award of child support and alimony, the sufficiency of the life insurance ordered to secure the support awards, and the award of attorney's fees and costs. We find no merit in the issues raised by the Husband. However, on the cross-appeal, we reverse and remand for the trial court to recalculate the amount of alimony and child support and to reconsider the amount of the attorney's fees and costs. In all other respects, we affirm.
The parties were married on October 25, 1986, and have one child, born in 1989. They separated on or before May 1, 1999. In the Amended Final Judgment, the trial court found that the Wife works as a secretary earning $13,433 annually with a net monthly income of $830. The Husband works as a salesman and earns $83,272 annually with a net monthly income of $5,018. The Husband inherited trust assets from his parents that were valued at almost one million dollars at the time of the final hearing. The trial court awarded the trust assets to the Husband as his nonmarital property. The Wife was awarded $1,500 per month in permanent alimony and $809 per month in child support. The Husband was directed to maintain a $50,000 life insurance policy as security for both his child support and alimony payments.
The Husband received a total distribution, marital and nonmarital, of $1,060,156. The bulk of his assets ($947,852) were income-producing liquid investments. The Wife received a total distribution of $156,423, including approximately $52,000 in liquid assets, consisting primarily of the cash value of the Husband's life insurance policy ($46,215).
The Wife argues that the trial court erred in omitting the Husband's trust income from its determination of the Husband's total income for the purpose of calculating the alimony and child support awards. We agree. In determining the amount of alimony, section 61.08(2)(d), Florida Statutes (2000), requires the trial court to consider the financial resources of each party including the nonmarital assets distributed. And section 61.08(2)(g) requires that "[a]ll sources of income available to either party" must be considered. Section 61.046(7) defines income as "any form of payment to an individual, regardless of source, including, but not limited to... trusts." Although the trial court recited that "HUSBAND has significant Non-Marital Assets from which he may contribute to WIFE's support," it does not appear that the trial court included any trust income in assigning the amount of $5,018 as the Husband's net monthly income. The Husband's trust income must be considered in the computation of alimony. See O'Connor v. O'Connor, 782 So.2d 502 (Fla. 2d DCA 2001).
Likewise, the trust income must be included in the determination of gross income for the purpose of computing child support. Section 61.30(2)(a)(12) provides that gross income shall include income from "royalties, trusts, or estates." See Oxley v. Oxley, 695 So.2d 364, 367 (Fla. 4th DCA 1997). The fact that the Husband elected to defer receipt of the trust income during the pendency of the proceedings does not shield the income from consideration. See O'Connor, 782 So.2d at 504; Oxley, 695 So.2d at 367. Therefore, we reverse the alimony and child support awards and remand with directions to redetermine *937 both after including the Husband's actual or imputed trust income.
Another deficiency in the alimony award is that the trial court did not make a finding as to the Wife's actual need. Before setting alimony, a trial court must first make determinations of actual need and ability to pay. O'Connor, 782 So.2d at 503-04. With respect to ability to pay, the trial court found that the Husband's net monthly income is $5,018. The trial court also found that the Husband "has significant Non-Marital Assets from which he may contribute to WIFE's support." However, as we have just discussed, it does not appear that the trial court assigned a value to the Husband's trust income. With respect to the Wife's need, the trial court found that the Wife's net monthly income without alimony is $830 per month and also recited as a finding the single conclusion that "the combined monthly expenses for WIFE and Child as reflected on WIFE's financial affidavit are inflated." The trial court failed to identify the expenses that it determined were inflated and did not explain the amount of reduction that was apparently made in the recalculation of the Wife's asserted need. The trial court's failure to make a finding as to the Wife's actual need requires reversal for reconsideration of the alimony award.
We also reverse the award of attorney's fees and costs. The trial court found the Wife was entitled to all of her reasonable fees and costs from the Husband. However, the trial court determined that the Wife's legal and expert witness fees were unreasonable:
The Court finds that the attorney's fees charged by both counsel and by the WIFE's expert[,] SUE MELENDI, were unreasonable and unconscionable as they have amounted to over 70% (seventy percent) of the marital estate divided herein. This case was over-litigated and the Court finds that Ms. Melendi's attendance during trial was unnecessary, moreover, Ms. Melendi's expertise was not necessary to prepare multiple, simple financial affidavits. The Court cannot allow the entire marital estate to be subject to a charging lien herein for the unconscionable over-litigation of this case. Consequently, a total reasonable attorney's fee for the WIFE herein is $30,000.00 and $10,000.00 for expert witness fees.... Husband shall further pay all court reporter fees incurred by WIFE in this action.
The Wife argues that the trial court erred by reducing her attorney's fees by more than 50% and by reducing her CPA fees by 80% which left the Wife with approximately $77,000 in litigation debt under her contractual obligations. The Husband did not challenge the hourly rate charged by the Wife's counsel or her CPA. Nor did he dispute that the hours billed represent work performed. He simply contends that the trial court's award was too high because the Wife was responsible for over litigating the case. It is the Wife's contention that the Husband's litigation conduct drove up her fees and costs. In fact, in her brief the Wife presents a lengthy review of actions and inactions by the Husband that would support her contentions. We recognize that we have a one-sided view because the Husband filed no answer brief in response to the Wife's cross-appeal. The fact that we can review the record and determine whether the Wife's claims are supported does not assist us in our resolution of this issue because it is not our function to review the record and make factual determinations that have never been addressed by the trial court.
From our reading of the trial court's finding that is quoted above, we conclude that the trial court was of the *938 view that both the Husband's and the Wife's counsel engaged in over litigation. We do not question the trial court's authority to determine that the fees requested by a party are not reasonable. Nor do we question the trial court's authority to deny or reduce the award of otherwise reasonable fees in those situations in which a party's conduct may warrant sanctions. However, in making an attorney's fee award in a dissolution proceeding, the trial court must determine the proper amount of fees by considering the hourly rate, the number of hours reasonably expended in the case, and setting forth specific findings as to these factors as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). After determining a reasonable fee, the primary factor to be considered is the financial resources of the parties. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997). However, other circumstances may also be considered such as the history of the litigation and whether the conduct of one party made additional work necessary. Id. at 700.
In this case, the trial court made no finding that the Wife's litigation conduct was the cause of the increased fees. Instead, the trial court expressed dismay at the total amount of fees incurred by both parties in relation to the size of the marital estate and, without making any factual findings, made a substantially reduced fee award. The trial court erred by failing to set forth the specific findings required by Rowe and Rosen. See Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987) (reversing fee award where trial court failed to make required Rowe findings). On remand, the trial court must redetermine the amount of the Wife's fees and set forth the findings required by Rowe and Rosen.
The Wife's final argument is that the trial court abused its discretion in limiting the Wife's recovery for costs to her court reporter fees. The Wife notes the Husband made no objection to the additional litigation costs that the trial court failed to award. The final judgment is silent as to the costs not awarded. On remand, the trial court must either award the reasonable costs that are properly established or set forth findings supporting their denial.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CASANUEVA and CANADY, JJ., Concur.