PER CURIAM.
Gerald Grimm appeals the lower court’s final judgment of dissolution, challenging four aspects of the equitable distribution scheme. We affirm the court’s determination that (I) the funds used to pay the down payment on the marital home, and (II) the remaining funds that were jointly titled, were nonmarital assets belonging to the wife. The court erred, however, by (III) failing to consider the wife’s nonmari-tal assets when determining the issue of alimony, and (IV) dividing the husband’s Social Security benefits as a marital asset.
The lower court considered each of the economic factors listed in section 61.08(2), Florida Statutes (2007), when deciding whether to award alimony to the husband. Factor (2)(d) directs the court to consider the “financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each,” and factor (2)(g) directs the court to consider “[a]ll sources of income available to either party.” The court, however, evaluated only the monthly income from the parties’ retirement plans and their marital assets, omitting any consideration of the wife’s nonmarital assets. This was error. See, e.g., Beck v. Beck, 852 So.2d 934 (Fla. 2d DCA 2003); O’Connor v. O’Connor, 782 So.2d 502 (Fla. 2d DCA 2001), Sasnett v. *429 Sasnett, 679 So.2d 1265 (Fla. 2d DCA 1996); Kendall v. Kendall, 677 So.2d 48 (Fla. 4th DCA 1996); White v. White, 617 So.2d 732, 733 (Fla. 5th DCA 1993); Green v. Green, 542 So.2d 466 (Fla. 5th DCA 1989).
The lower court also awarded a percentage of the husband’s Social Security benefits to the wife.[1] This court held in Johnson v. Johnson, 726 So.2d 393 (Fla. 1st DCA 1999), that benefits from a Social Security replacement plan, like the wife’s in the case at bar, is a marital asset subject to distribution, but that Social Security benefits are not, pursuant to 42 U.S.C. § 407(a). Moreover, the lower court is not permitted to award the nonparticipating spouse other marital property as an offset to counterbalance the participating spouse’s Social Security benefits. Id. at 395-96. Accord Stanley v. Stanley, 956 A.2d 1 (Del.2008); In re Marriage of Crook, 211 Ill.2d 437, 286 Ill.Dec. 141, 813 N.E.2d 198 (2004).
Because we reverse on Issues III and IV, the trial court must revisit its plan of equitable distribution on remand, and we express no opinion as to how the lower court should divide the eligible assets to achieve a just result.
WOLF, DAVIS, and PADOVANO, JJ., concur.

. The court did not expressly state this in the final order but the wife candidly acknowledged it in her answer brief.