McCORD, Chief Judge.
This is an appeal from a final judgment in a dissolution of marriage action. Appellant husband contends that the court erred in awarding appellee wife as rehabilitative or lump sum alimony the husband’s interest in the marital home of the parties owned as tenants by the entirety. We affirm.
The parties were married in 1947. At the time of the dissolution, the husband was 62 years of age and the wife 51. No children were born of the marriage. Neither does it appear that either party initially took appreciable assets into the marriage relationship. For the first 15 years, the husband and wife both worked together in the husband’s automotive supply business. When that business was dissolved in 1962, the husband, who suffered from a disability resulting from a mild form of epilepsy, retired. In 1965, he commenced receiving social security benefits. The wife took a part-time job after the business dissolved working two afternoons per week at $4 per hour. In 1972, she took a second job, and between the two jobs, worked a standard 40 hour week. When the business was dissolved, a judgment in the sum of $250,000 was obtained by a third party against both the husband and the wife. That judgment was later compromised and satisfied by the payment of $35,000 obtained from the sale of the marital home. At that time, the parties owned only modest assets. Thereafter, the husband inherited from his mother a Vs interest in 26 acres of property. Three acres of that property was subsequently condemned by the Department of Transportation, and the husband received $100,000 therefor. With part of this money he purchased property and had a home built for himself and his wife. Title was taken as tenants by the entirety. With the remainder of the money, together with some of the money left over from the sale of the marital home, the husband purchased stock. He obtained a release from the wife for *896 $20,000 which had been put in an open account in her name in order to purchase this stock for which he spent $58,000. The stock declined in value and at the time of the hearing in this cause was worth only $5,000.
The parties had discussed the possibility of dissolution of their marriage for about one year prior to the husband’s filing the dissolution petition. Around the time of the initial discussions, the husband put his Vs interest in the property left to him by his mother in a trust to his children. This property is worth between $100,000 and $150,000. The trust agreement provides that the husband will receive the income from the trust and as much as the trustees determine is necessary for his health, support and maintenance. The husband’s financial affidavit reflected that he received $276.60 per month in social security benefits, $325 per month from a mortgage on the parties’ original marital home (which will last for six more years), half interest in the stocks, half interest in a savings account (approximately $1,000) and his interest in the trust property. The wife’s affidavit reflected a savings account of $2,400, a half interest in the mortgage ($325 per month for six years) and $360 per month in earnings from her two jobs). She also had a one-half interest in the stocks and the joint savings account of the parties. The second marital home of the parties was being sold at the time of the hearing below, and it was expected that the total equity in the home would be approximately $19,000.
The trial court awarded wife (1) all the furniture and fixtures in the marital home, (2) a diamond ring given to her by the husband, with a stipulation that she return the ring to the family at her death, (3) a one-half interest in the mortgage ($325 per month for six years), (4) a 1974 Plymouth automobile, (5) a one-half interest in the stocks, (6) a one-half interest in the joint savings account, and (7) all of the net proceeds received from the sale of the marital home, to be awarded as aforesaid as “rehabilitative or lump sum alimony.” The wife also received an award of $500 for her attorney’s fees. She was not awarded any part of the husband’s Vs interest in the property left to him by his mother. The husband was awarded a Honda automobile, one-half of the mortgage interest, one-half interest in the stocks, one-half interest in the joint savings account, and the total trust created by his inheritance from his mother.
As above stated, the sole bone of contention here is the award to the wife of the husband’s one-half interest in the approximately $19,000 value of the marital home. As can be readily seen, the husband is left with substantially greater assets than the wife. This was a 30-year marriage throughout which the wife worked continuously while the husband retired in 1962. Also, the wife prepared special diets for the husband and gave him special care throughout the marriage because of his illness. Although disabled through the last half of the parties’ marriage, the husband has managed to play golf several times a week, read books and imprudently invest large sums of money once maintained in the parties’ joint and individual savings accounts. The wife must continue to work at employment which pays her only $360 per month for a 40-hour week. The husband, on the other hand, has the income from a $100,000 to $150,000 trust, and the right to receive any principal that may be necessary for his support and maintenance. While it was not proper to award the wife the husband’s interest in the marital home as rehabilitative alimony since she has been constantly working throughout the marriage and is continuing to work, we find no error or abuse of discretion in the trial court’s award of such interest as lump sum alimony. Compare Brown v. Brown, 300 So.2d 719 (Fla. 1 DCA 1974); Maroun v. Maroun, 277 So.2d 572 (Fla. 3 DCA 1973); Linares v. Linares, 292 So.2d 63 (Fla. 3 DCA 1974); Baker v. Baker, 299 So.2d 138 (Fla. 3 DCA 1974); Keller v. Keller, 302 So.2d 795 (Fla. 3 DCA 1974); Walton v. Walton, 290 So.2d 110 (Fla. 3 DCA 1974); Collazo v. Collazo, 318 So.2d 164 (Fla. 3 DCA 1975).
AFFIRMED.
*897 McLANE, RALPH M., Associate Judge, concurs.
BOYER, J., dissents.