DOWNEY, Judge.
The wife in this domestic relations case contends that she was short-changed by the judgment of dissolution entered by the trial court. That pithy characterization, borrowed from Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), is not totally off the mark in our view.
The parties were married for seventeen years; they lived together for only five years and have been separated the remaining twelve. The wife was approximately twenty-seven years old when they married and the husband was fifty-three. At the time of dissolution, she was forty-four and he was seventy, partially blind, and in failing health. It appears he was worth in excess of $3,000,000, while her estate was valued at approximately $27,000, not including the value of the gift the court adjudicated in her favor. The wife was unemployed during the marriage and throughout the twelve year separation the husband supported her in a comfortable style, the last year being to the tune of $22,000. Finally, it should be noted that earlier in the marriage, the husband had made a gift to the wife of a one-half interest in corporate stock, which interest, upon sale thereof by the husband, was worth in excess of $108,-000.
In the final judgment the trial court gave the wife a judgment for the value of the interest in the aforementioned stock, and ordered him to pay her $3,774.24 in delinquent temporary alimony. Although the wife had prayed for alimony in all of its forms, the trial court completely denied that prayer as well as her request for attorney’s fees and suit money. We hold that judicial act to be an abuse of discretion under the facts of this case and, on remand, direct the trial court to award the wife lump sum alimony, reasonable attorney’s fees, and suit money. We suggest the award of lump sum alimony should be an amount that, when coupled with the value of her present estate of $135,000, would, upon prudent investment, return approximately the income she had been accustomed to when married.
We have considered appellant’s other points on appeal and find them either moot or without merit.
Accordingly, the judgment appealed from is affirmed in all respects except as to the denial of alimony, attorney’s fees, and suit money. On remand, the trial court is directed to award the wife lump sum alimony in accordance with this opinion, reasonable attorney’s fees, and suit money.
AFFIRMED IN PART AND REVERSED IN PART, and remanded with directions.
LETTS, C.J., and WALDEN, J., concur.