435 So.2d 876 (1983)
Joseph Ralph DiPRIMA, Appellant/Cross-Appellee,
v.
Jacqueline Mary DiPRIMA, Appellee/Cross-Appellant.
No. 82-448.
District Court of Appeal of Florida, Fifth District.
July 7, 1983.
Rehearing Denied August 9, 1983.
*877 Elting L. Storms of Storms, Krasny, Normile, Dettmer & Gillin, P.A., Melbourne, for appellant/cross-appellee.
P.F. Nohrr, Melbourne, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee/cross-appellant.
FRANK D. UPCHURCH, Jr., Judge.
The husband, Joseph DiPrima, appeals from a judgment of dissolution. The wife, Jacqueline DiPrima, cross-appeals.
The husband contends that the court erred in awarding the wife $3,000 per month permanent alimony and $500 per month child support, in awarding her his interest in the marital home, and in awarding her a one-half interest in his one-half interest in a note (the "Carriage Park note") as a special equity. The husband also contends the trial court erred in reserving jurisdiction as to the question of partition of the Rosewood Apartment property.
The wife contends that she was entitled to more in the way of equitable distribution or lump sum alimony, that the court erred in determining the balance due on the note, that the court erred in requiring her to transfer her interest in the stock of certain corporations to the husband without compensation, and in granting her only a partial award of attorney's fees and costs.
The husband's net worth was approximately $2,600,000, all of which was acquired during the twenty-year marriage. Three children were born of the marriage. The oldest one, nearly twenty, was away at college and was supported by the husband. The other two children, ages eighteen and thirteen, were living with the wife.
We conclude that in view of the assets and the substantial income of the husband (nearly $2,000 per week), the award of permanent alimony and child support to the wife was not an abuse of the trial court's discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We further find no abuse of discretion in the award of the husband's interest in the marital home to the wife. The court did not label the award as lump sum alimony or otherwise. The award here, however, can be sustained as lump sum alimony or "equitable distribution." Canakaris. See also White v. White, 429 So.2d 730 (Fla. 1st DCA 1983); Mahan v. Mahan, 415 So.2d 146 (Fla. 2d DCA 1982); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1981). It was also to some extent influenced by the transfer of the wife's interest in certain corporations.
We also reject the husband's contention that the trial court erred in reserving jurisdiction as to the question of partition of the Rosewood Apartment property. That property is owned by a partnership comprised of the parties and the husband's parents. Since the parents only had an interest in the Rosewood property and were proper and necessary parties to any suit to partition, we see no obstacle to proceeding as the trial judge did, reserving jurisdiction to partition. The parents may be made parties in that action.
The wife argues in her cross-appeal that the court erred in finding the outstanding balance on the Carriage Park note to be $477,381. It is clear from the judgment that the court intended the wife and husband each to have a one-half interest in the mortgage. The wife's interest was to be reduced by the amount of any additional federal income taxes "paid or to be paid ... either as a result of restructuring the sale because of the court's award ... or any other increased [taxes which the husband] becomes obligated to pay as a result *878 of" the award. Thereafter the balance was to be divided equally. The husband was required to furnish a statement from Carriage Park signed by a CPA showing the balance as of December 31, 1981. It is obvious the court intended the wife to have a one-half interest in that figure and that the finding by the court that the balance was $477,381 does not limit her to that amount. The husband also argues that the wife was not entitled to a special equity in the note. While technically this does not fit the "special equity" situation, see Canakaris at 1200; Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), it was clearly sustainable as lump sum alimony under a plan of equitable distribution. Canakaris; Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).
The wife next claims that the court erred in not awarding her a larger share of the marital assets. She points out that the couple accumulated all of their assets during a twenty-year marriage. In Canakaris, the supreme court observed that:
In granting lump sum alimony, the trial court should be guided by all relevant circumstances to insure `equity and justice between the parties.' § 61.08, Fla. Stat. This Court recognized in Yandell v. Yandell [39 So.2d 554 (Fla. 1949)] the broad scope of the trial judge's discretion in granting lump sum alimony, consistent with the statutory mandate.
* * * * * *
A judge may award lump sum alimony to insure an equitable distribution of the property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.
382 So.2d at 1201.
The husband maintains that because of the wife's "misconduct" she was awarded far in excess of what she should have been awarded. The husband did not plead adultery, see section 61.08(1), Florida Statutes (1981), and admits there was no proof of same. While the husband concedes that the wife was an excellent mother, he testified as to "misconduct" consisting of unexplained absences and similar behavior. The court did not make a specific finding that the wife had misbehaved or neglected her obligations to the husband. The record does not reflect that this was a factor in his determination of her share of the marital assets. The wife contends that she is left with an estate of $645,270 (the husband says it is $688,270), while his estate is close to $2,600,000 after the award.
To date, no Florida court has held that marital assets must be divided on a 50/50 basis and we decline to so hold. The court in Canakaris stated:
We recognize that a trial court need not equalize the the financial position of the parties. However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and in viewing the totality of the circumstances, one spouse should not be `short-changed.' Brown v. Brown.[1]
Id. at 1204.
The wife did not show that she would pass from prosperity to misfortune, but rather the record reflects that under the provisions of the judgment she will be able to live in substantially the same manner as she was accustomed during the marriage. While we might be inclined to award the wife a greater amount had we been the trier of fact, we were not. We conclude that the award was within the trial court's discretion. Canakaris.
The wife also argues that the court improperly required her to transfer her interest in certain corporations to the husband without compensation. There were several factors affecting the court's decision. The court found that the value of the stock was misleading because of tax consequences. If the wife retained her interest in the corporations it was likely to lead to protracted litigation. The court also indicated that the transfer of stock in the corporations was in exchange for the husband's interest in the marital home which *879 the husband was required to convey to the wife. In light of these factors, we conclude that the trial court did not err on this point.
The last question involves the court's award of only a portion of the wife's attorney's fees and costs. Testimony revealed that reasonable attorney's fees for the wife's attorneys would be $40,000 to $44,000. The wife had also incurred expert witness fees and some other costs. The court awarded the wife $15,500 as a "contribution" toward her attorney's fees, $2,500 as a "contribution" toward the experts fees and ordered each party to pay one-half of the remaining costs of $1,219.60. We conclude this was error. In view of the size of the parties' resulting estates and the husband's income potential, the wife is entitled to her fees and costs. Locke v. Locke, 413 So.2d 431 (Fla. 3d DCA 1982).
As to the award of alimony, child support and division of property, we AFFIRM. We REVERSE the judgment as to fees and costs and REMAND to the trial court to determine a reasonable fee for the services of the wife's attorneys, including their services to the wife on appeal, and expert witness fees, plus other costs, and to require the husband to pay same.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] See Brown v. Brown, 300 So.2d 719, 726 (Fla. 1st DCA 1974) in which the court stated, "[W]e are not engrafting upon the jurisprudence of this state the law of community property."