458 So.2d 362 (1984)
Carolyn Brimberry ORR, Appellant,
v.
George Eadie ORR, Appellee.
No. 84-407.
District Court of Appeal of Florida, Fourth District.
October 24, 1984.
Rehearing Denied December 5, 1984.
Robert C. Lane, Jr., Coral Gables, for appellant.
Frederick E. Graves of Frederick E. Graves, P.A., Fort Lauderdale, for appellee.
BARKETT, Judge.
The wife appeals from a final judgment dissolving a 36-year marriage. When the parties married in 1947, neither party had any assets. The wife had a B.S. degree in history and the husband had just terminated his army service. The wife worked full time as a secretary during the first four years of the marriage while the husband went to law school. The couple then settled into the roles expected of them in a marriage of the 1940's and 1950's. The husband was the breadwinner as a lawyer, state's attorney, and then a judge. The wife was the housewife, homemaker, and mother to their four children. The parties over the years accumulated assets, abilities, and liabilities.
After 36 years the marriage has been dissolved and the parties exit the partnership in a most disparate fashion. The division of personal and real property gives the appearance of fairness and evenhandedness. The parties equally divided their personal property. The trial court ordered the marital home sold in October, 1984, when the remaining minor child reaches majority, and ordered the proceeds of the sale also divided equally. Thereafter, as both parties reach their 60's (the husband is 59; the wife is 58), any semblance of parity ends.
The husband on one hand faces life financially and socially secure. He is assured of a substantial income with substantial fringe benefits, and when he so chooses, a substantial retirement. He was a lawyer with a prestigious Miami law firm, a member of the state's attorney's office, and since 1974, a circuit court judge. He *363 earns approximately $60,000 per year, along with the medical, educational, and social benefits of that prestigious office. When he chooses to retire he will benefit from two annuities purchased during his years in private practice, a private deferred compensation retirement fund, and the retirement benefits provided from his service in the army, as a state's attorney, and as a judge. Additionally, he will be free to practice law to whatever extent he chooses.
The wife on the other hand faces a future of insecurity. When the husband left the marital home in 1982, the wife, at age 58, sought her first full-time job in 32 years. She has no profession and is unskilled. Her degree in history is useless at her age in terms of earning ability. As the trial court acknowledges, "I can't imagine what I'd do with a history degree." She obtained a job with the bookkeeping department of a small neighborhood newspaper. She is paid on the basis of $5.15 per hour for the hours that she works (32 to 38 hours a week). She has no job security, no seniority, no assurances of substantial future increases in pay, and must compete in the marketplace with much younger and more energetic job seekers. She has no retirement benefits whatsoever nor the time to accumulate any.
The trial judge awarded her permanent alimony (which is tax deductible to the husband and taxable to the wife) in the amount of $800 per month, and ordered the husband to make the wife's monthly car payment. The judgment also makes her the beneficiary of the husband's life insurance policies. However, since they are encumbered by loans which the husband was not ordered to repay and the wife cannot afford to do so, they are virtually useless to her.
The husband, after the minor adjustment to his income required by the final judgment, can still maintain the life style he has enjoyed for 36 years. The wife cannot. As our supreme court said in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980):
[A] dissolution award should be sufficient to compensate the wife for her contribution to the marriage.
We recognize that a trial court need not equalize the financial positions of the parties. However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances one should not be "shortchanged." [citation omitted].
382 So.2d at 1204.
It is clear that the wife in this case has passed from prosperity to misfortune. The paltry amount of alimony and assets awarded to the wife in this case constitutes an abuse of discretion in light of the following:
1. A thirty six year marriage;
2. The vast discrepancy between the present earning abilities of the parties;
3. The wife's age of 58 years;
4. The total lack of retirement benefits or other financial security for the wife;
5. The wife's inability to provide any financial security for herself;
6. The wife's abandonment of career opportunities which might have placed her in financial parity with the husband;
7. Having and raising four children;
8. The wife's contributions to the marriage including but not limited to homemaking and assistance in building the husband's career;
9. The wife's needs and necessities of life as they have been established by the marriage of the parties; and
10. The husband's ability to comply with the wife's needs.
In our judgment, after considering the foregoing, reasonable men could not differ in finding that the wife did not receive a fair share of the assets of the marital partnership. This is the appropriate test of review as again recently reiterated by our *364 supreme court in Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984):
First, as Canakaris makes clear, the standard of review is whether the trial judge abused his discretion and the test is whether any reasonable person would take the view adopted by the trial judge.
Id. at 466.
In reversing the final judgment, we note that the trial court has broad discretion in fashioning new relief. Although an insufficient amount of alimony may, in extreme circumstances such as we have here, constitute an abuse of discretion, the trial court may choose to increase the award of permanent periodic alimony or to award the home as lump sum alimony. In the event that the trial court again orders the sale of the marital residence, however, the wife is entitled to compensation in accordance with Landay v. Landay, 429 So.2d 1197 (Fla. 1983), for her share of the mortgage payments made by her until the home is sold.
Reversed and remanded for a determination of the amount and nature of the wife's entitlement based upon her contribution to the marital partnership.
HERSEY and GLICKSTEIN, JJ., concur.