468 So.2d 479 (1985)
Beatrice J. GALLANT, Appellant,
v.
William D. GALLANT, Appellee.
No. 84-1423.
District Court of Appeal of Florida, Second District.
May 8, 1985.
*480 Robert L. Hoskins, III of Robert L. Hoskins, III, P.A., Clearwater, for appellant.
Robert A. Love, Clearwater, for appellee.
LEHAN, Judge.
The wife appeals the final judgment in this dissolution of marriage case. We reverse and remand for an increase in the amount of permanent periodic alimony, for consideration of an increased award to the wife with respect to the marital home, for the disposition of jointly owned personal property, and for further proceedings on the wife's prayer for attorney's fees.
The parties were married for twenty-three years. At the time of dissolution, the wife was fifty-eight years old and had not worked outside the home during the entire term of the marriage. The husband, aged sixty, had previously worked in the field of real estate, earning between $25,000 and at least $60,000 annually in the years immediately prior to the dissolution. At the time of the dissolution the husband was selling vacuum cleaners for a reported income of $225 per week. The only substantial assets of the parties at the time of dissolution, according to their financial affidavits, were the jointly owned marital home, valued at between $95,000 and $120,000 with a $9,000 mortgage, and another piece of jointly owned real property with an equity of about $5,000.
The final judgment of dissolution provided for the husband and wife each to retain one-half interest in the marital home and granted the husband's request for partition of that property. The wife was awarded $45.00 per week in permanent periodic alimony, to be reduced after six months to $25.00 per week. The husband was awarded immediate possession of certain items of personal property listed on an inventory submitted by the husband during trial. Each party was to bear his or her own costs and attorney's fees.
The wife's first issue on appeal is that the award of permanent alimony was an amount less than the wife's needs and the husband's ability to pay. We agree. The evidence shows that the wife had no income other than the alimony. Her age and lack of work experience make it unreasonable to expect that she can look forward to much income from any job she might be able to obtain. On the other hand, the husband admitted to weekly income of $225 and weekly expenses of $150, leaving $75.00 net weekly income available to pay alimony. Also, evidence of the husband's prior employment and income might reflect that his earning potential is substantially greater than his present income. Desilets v. Desilets, 377 So.2d 761, 764 (Fla. 2d DCA 1979). In addition, there was testimony by the wife concerning comments by the husband that he would arrange his affairs so that the wife would receive nothing. However common those types of comments may or may not be in this type of case, the record does contain what at least on the surface appears to be a major disparity between the husband's assets revealed in his financial affidavit filed in this case and substantially greater assets of his shown on a financial statement signed by him and submitted to a bank two months prior to the filing of this dissolution action. As the trial court noted, the wife's previous counsel failed to pursue discovery procedures as to the above referenced comments by the husband. Although we are by no means in a position, as was the trial court, to be familiar with the situation, the record shows that when these matters were raised at rehearing there was no opportunity for the trial court to pursue them with the husband because the husband was not present. The foregoing aspects would bear exploration on remand. If this is not one of those cases where there are insufficient assets and income with which to achieve a satisfactory result, the present outcome, which the trial court recognized was unfortunate for the wife, should be substantially modified. We reverse and remand for an award of permanent alimony commensurate with the wife's needs and the husband's abilities. See Walter v. Walter, 464 So.2d 538 (Fla. 1985); Orr v. Orr, 458 So.2d 362 (Fla. 4th DCA 1984).
*481 The second issue on appeal is whether the trial court erred by ordering an automatic reduction in the permanent alimony after six months. We agree with the wife that this was error because there is no evidentiary basis in the record to support the automatic reduction. See Lewis v. Lewis, 450 So.2d 1123 (Fla. 2d DCA 1984); Ramsey v. Ramsey, 431 So.2d 258 (Fla. 2d DCA 1983).
The third issue is whether the trial court erred in failing to award the marital home to the wife as lump sum alimony or at least to award her the exclusive use and possession of the home. This is a difficult issue because without at least exclusive use of the home until her death or remarriage, it appears that the wife may have no place to live without depleting her only assets, to wit, one-half of the proceeds from the sale of the home. On the other hand, as the trial court noted, if the wife is awarded the home or even given exclusive possession of the home, apparently the husband would be left with little or no assets. Upon remand, after there is the opportunity for further exploration of the husband's financial situation, the trial court should revisit this issue, e.g., whether the wife should be awarded the home as lump sum alimony if the court determines that it is inappropriate to award her adequate support from permanent periodic alimony, whether the wife should be awarded exclusive use of the home until her death or remarriage, or whether some other division of the proceeds from the marital home substantially more favorable to the wife should be ordered.
The wife's fourth point on appeal is that the trial court ignored the parties' requests for disposition of jointly owned personal property in their petitions for dissolution. The final judgment recites that the husband shall be entitled to immediate possession of certain personal property listed in a specific order and on an inventory submitted by the husband. The judgment makes no other disposition of personal property. On remand the trial court should determine the rights of the parties as to any remaining personal property. See Lopez v. Lopez, 447 So.2d 898 (Fla. 3d DCA 1983).
The final issue on appeal is whether the trial court erred in refusing to retain jurisdiction to award attorney's fees. The trial court stated at the final hearing that evidence as to attorney's fees must be presented at the hearing, not later. The wife's counsel argued that a party should not have to incur the expense of getting expert witnesses to testify regarding attorney's fees before it has been determined that the party is entitled to receive fees. But see discussion in B & L Motors, Inc. v. Bignotti, 427 So.2d 1070, 1074-76 (Fla. 2d DCA 1983). In any event, in view of factors referred to above meriting further exploration, on remand the trial court should also revisit the subject of the wife's prayer for attorney's fees.
Reversed and remanded for proceedings consistent herewith.
OTT, A.C.J., and DANAHY, J., concur.