ERVIN, Judge.
Appellant/wife appeals the final judgment of dissolution of marriage, objecting to the amount of the permanent periodic alimony (PPA) award, and the failure of the trial court to award her exclusive possession of the marital home. We reverse the amount of the PPA awarded to her, while affirming the ordered partition of the marital home.
*406 At the time of their divorce in 1986, the husband and wife had been married for 32 years. They have five children, all of whom had reached the age of their majority prior to the divorce. The husband is a retired United States Air Force sergeant, who receives a retirement check from the Air Force of $641 per month, a check from the Veteran’s Administration of $126 per month, and a net monthly salary of $1,434.61 from his employment as a lab technician. The wife earns a net monthly income of $400 as a cashier at a restaurant.
We find the PPA award of $400 per month to be an abuse of discretion after comparing the wife’s total net monthly income — $800—including the alimony awarded and her monthly salary, with the husband’s monthly income — $1,801.61—following payment of alimony. Canakaris v. Canakaris, 382 So.2d 1197,1202 (Fla.1980), emphasizes the wide discretion that trial court judges enjoy in fashioning divorce settlements:
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property.
This discretion is tempered by the recognition that although the “trial court'need not equalize the financial position of the parties ... [,] a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of circumstances, one spouse should not be ‘shortchanged.’ ” Id. at 1204 (citation omitted). Given the ordered partition of the marital home[1] and the monthly income of the husband, it is unfair to expect the wife to subsist on $800 per month. Cf. Faust v. Faust, 505 So.2d 606 (Fla. 1st DCA 1987) (based on evidence of one spouse’s needs and the ability of the other to pay for those needs, a rehabilitative alimony award in the amount of $700 per month was found to be inadequate); Anderson v. Anderson, 489 So.2d 1232 (Fla. 1st DCA 1986) (where the husband’s gross income was $33,000 per year and the wife’s gross income, including alimony, was $11,880, the court reversed the amount of the permanent alimony award as inadequate); Andrews v. Andrews, 479 So.2d 249, 251 (Fla. 2d DCA 1985) (“[I]n light of the husband’s continued earning ability and the financial position of the wife, we believe that a larger award of alimony is appropriate ‘to provide the needs and necessities of life to [the wife] as they have been established by the marriage of the parties.’ ”) (citations omitted).
We find no abuse of discretion in the trial court’s order directing partition of the marital home, rather than permitting the wife the exclusive use and possession of the home until her remarriage or death, or awarding her the home as lump sum alimony, as there are no longer any minor children, and the wife claims no special equity in the home. There is also no issue in the instant case, as there was in Gallant v. Gallant, 468 So.2d 479, 481 (Fla. 2d DCA 1985), relied upon by the appellant, as to further exploration of the husband’s financial situation, thereby permitting a revisiting of the partition order.
The cause is AFFIRMED IN PART, and REVERSED IN PART and REMANDED to the trial court for additional proceedings consistent with this opinion.
SMITH, C.J., and BOOTH, J., concur.

. The monthly mortgage payment on the marital home is $207, for which the wife is responsible. There is no showing in the record that the wife will be able to find comparable housing in an amount approximating the monthly mortgage payment after the house is sold.