511 So.2d 649 (1987)
Marianne V. BARRY, Appellant,
v.
Robert A. BARRY, Appellee.
No. 85-1470.
District Court of Appeal of Florida, Fourth District.
July 29, 1987.
Rehearing and Rehearing Denied September 17, 1987.
Law Offices of Ralph Diaz, P.A., Coral Springs, and Barbara J. Compiani and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
William I. Zimmerman of William I. Zimmerman, P.A., Pompano Beach, and Beverly Vesel of Vesel and Rothkopf, P.A., Margate, for appellee.
Rehearing and Rehearing En Banc Denied September 17, 1987.
HERSEY, Chief Judge.
The former wife appeals a post-final judgment order modifying her entitlement from the former husband. She points to three areas in which she has allegedly been shortchanged.
First, upon sale of the marital residence, the parties are to share equally in the net proceeds. However, appellant wife was awarded no interest in appellee husband's retirement plan, and except for tangible personal property, there was neither an equitable distribution of assets nor an award of lump sum alimony for appellant.
Second, after a twenty-five-year marriage yielding three children, appellant, an alcoholic with little or no work experience, was awarded permanent periodic alimony of only $900 per month although she had necessary expenses clearly in excess of that, and even though appellee has an annual gross income exceeding $60,000.
Third, appellant was denied attorney's fees and costs.
The record discloses the following rationale which apparently resulted in appellant receiving less than her fair share. In the final judgment the trial court found the wife's alcoholism to constitute "marital misconduct, justifying this Court's denial of more generous allowances or awards to or for her benefit." Also, as explained in appellee's brief: "the Court heard evidence *650 that it was not in the wife's best interest to give her too much money because of her illness and the husband testified to sharing that belief... ."
Alcoholism, however, is properly characterized as an illness for purposes of determining property rights in a dissolution case, and a spouse's additional services to the family are not considered to be services beyond normal marital duties where they are necessitated by the other spouse's illness. Gallagher v. Gallagher, 399 So.2d 75 (Fla. 5th DCA), appeal dismissed, 407 So.2d 1103 (Fla. 1981).
The present case is markedly similar to Orr v. Orr, 458 So.2d 362 (Fla. 4th DCA 1984), rev. dismissed, 464 So.2d 555 (Fla. 1985). The Orr case also involved a long-term marriage, where the husband, an attorney and later a judge, had been the breadwinner while the wife was a homemaker and cared for the parties' children. The husband's income was comparable to that of the husband in the present case, about $60,000 per year, and he had accrued retirement and other benefits through his years of employment. The wife was in a somewhat better position than the wife here because she was not suffering from alcoholism and was able to be employed as a bookkeeper earning $165 to $195 per week. The marital assets were equally divided, and the trial court awarded the wife $800 per month in permanent periodic alimony and directed the husband to make the wife's car payments.
This court reversed, concluding that, in violation of the dictates of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the trial court's award meant that the wife would pass "from prosperity to misfortune," while the husband, "after the minor adjustment to his income required by the final judgment," could still maintain the lifestyle he had enjoyed for 36 years. 458 So.2d at 363. This court concluded that no reasonable person could find that the wife received her fair share. The same conclusion is warranted in the present case.
With regard to the husband's retirement account, the trial court did not specifically hold that the wife had no entitlement in it but rather held that those funds would be considered a source of payment of permanent periodic alimony. The trial court did not have the benefit of Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), and upon remand should reconsider this issue in light of that opinion.
This was a long-term marriage. The wife has no marketable skills and no source of income. Under such circumstances both lump sum and permanent periodic alimony are indicated. The former is justified to accomplish equitable distribution, Robinson v. Robinson, 403 So.2d 1306 (Fla. 1980), and to ensure the wife's future security should the husband die. Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980). See also Ferriss v. Ferriss, 356 So.2d 895 (Fla. 1st DCA 1978); and Locke v. Locke, 413 So.2d 431 (Fla. 3d DCA 1982). The award of lump sum alimony should be an amount which, when coupled with the value of the wife's present estate, would, upon prudent investment, return approximately the income to which she had been accustomed during the marriage. Martyn v. Martyn, 422 So.2d 960 (Fla. 4th DCA 1982), rev. denied, 436 So.2d 99 (Fla. 1983).
Finally, on the issue of attorney's fees and costs, the trial judge ordered each party to bear his or her own attorney's fees. Due to the disparity in the parties' earning abilities and financial positions, the trial court abused its discretion in failing to award attorney's fees and costs to the wife. See McClay v. McClay, 447 So.2d 1026 (Fla. 4th DCA 1984); Johns v. Johns, 423 So.2d 443 (Fla. 4th DCA 1982). See also Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982).
Based on the foregoing, we reverse and remand, holding that appellant is entitled to equitable distribution, lump sum alimony, a larger award of permanent periodic alimony and her attorney's fees and costs.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.