522 So.2d 50 (1988)
Ruth POE, Appellant,
v.
Harvy C. POE, Appellee.
No. 86-1886.
District Court of Appeal of Florida, Fifth District.
February 11, 1988.
Rehearing Denied March 24, 1988.
*51 Howard S. Reiss, Orlando and Edna L. Caruso, P.A., West Palm Beach, for appellant.
James R. Dressler, Cocoa Beach, for appellee.
ORFINGER, Judge.
We reverse the final judgment in this case except for that portion thereof which dissolves the marriage between the parties. Our review of this record leads us to the inescapable conclusion that the trial court abused its discretion in awarding to the wife only $600 per month in permanent alimony, and shortchanged the wife by giving the husband the lion's share of the marital assets.
This 32 year marriage produced three children, now grown. The former wife also raised the former husband's son by a prior marriage. It is conceded that the former wife, 57 years old at the time of the dissolution and in poor physical condition, has never worked and has no capacity for self support, while the former husband has an active and prosperous law practice. This case has many of the same circumstances found in Orr v. Orr, 458 So.2d 362 (Fla. 4th DCA 1984) except that here, unlike Orr, the marital assets were not equally divided. While we agree that equitable distribution does not require an equal division of assets, Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981), where there is a great disparity in the division of assets and also an insufficient award of alimony such as will greatly reduce the wife's standard of living, fairness dictates a reevaluation of the awards. Cf. DiPrima v. DiPrima, 435 So.2d 876 (Fla. 5th DCA 1983), pet. for rev. denied 447 So.2d 886 (Fla. 1984).
The former wife was subjected to physical abuse from her husband on many occasions. One such incident resulted in her sustaining a broken hip, which has been operated upon twice and which is held together by five pins. She has other physical ailments which cause her much pain. The former husband should at least be required to pay the medical expenses which his former wife may incur in the future because of the injuries received as a result of his admitted physical abuse. See Hill v. Hill, 415 So.2d 20 (Fla. 1982).
On remand, the entire financial situation of the parties should be reconsidered, and in determining the financial ability of the former husband, the trial court shall take into consideration the money the former husband has expended on his secretary, with whom he admits to having an ongoing extramarital relationship, and the property he has sold to her at nominal cost. See Noah v. Noah, 491 So.2d 1124 (Fla. 1986).
REVERSED and REMANDED.
DAUKSCH, J., and UPCHURCH, F.D., Jr., Judge, Retired, concur.