PER CURIAM.
The trial court properly granted Dade County’s motion to dismiss Caribbean Ship Chandler’s amended complaint alleging that Dade County was negligent in failing to provide Caribbean with adequate security protection from criminal acts of third parties. Notwithstanding the allegations in the complaint, both the permit application and sections 2-56.1 to 2-56.10, Code of Metropolitan Dade County (1959), provide that off-duty officers remain employees of Dade County acting within the course and scope of their ordinary employment. Because the county could not be liable for an on-duty officer’s failure to prevent the commission of a crime by a third party, it necessarily follows that the county could not be liable for an off-duty officer’s failure to prevent the commission of a crime. Everton v. Willard, 468 So.2d 936 (Fla.1985); Reddish v. Smith, 468 So.2d 929 (Fla.1985); Wong v. City of Miami, 237 So.2d 132 (Fla.1970).
The order and judgment of dismissal is
AFFIRMED.