523 So.2d 642 (1988)
Norma Waters LINN, Appellant/Cross Appellee,
v.
Richard Eugene LINN, Appellee/Cross Appellant.
No. 4-86-1596.
District Court of Appeal of Florida, Fourth District.
March 9, 1988.
Rehearing Denied May 6, 1988.
*643 Neil B. Jagolinzer of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellant/cross appellee.
Timothy J. Morell and John R. Young of James and Young, West Palm Beach, for appellee/cross appellant.
TOBIN, DAVID L., Associate Judge.
This is an appeal from an order modifying a previous award of permanent periodic alimony, and sustaining the former husband's exceptions to the recommendations of a special master. The cross appeal has been abandoned.
The special master found that the former husband had not had a substantial change in circumstances since the entry of the permanent periodic alimony order he was seeking to modify. The trial court, however, disagreed and found that due to collection efforts being exerted by the Internal Revenue Service, there existed a permanent change in the former husband's ability to pay the alimony. The trial court declined to adopt the special master's recommendation that the former husband's petition for modification of alimony be denied.
This court finds that there was no basis for the trial court's divergence from the special master's recommendation. The special master's report made a finding that the Internal Revenue Service's collection efforts against the husband's available monthly income was not an unanticipated change in circumstances that was permanent in nature. A trial court is bound by a master's factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous. Ciccarelli v. Ciccarelli, 352 So.2d 1204, 1205 (Fla. 4th DCA 1977). The record herein supports the special master's recommendation.
While it is evident that the former husband may be experiencing some temporary cash-flow problems arising from the manner in which he has elected to expend his income and deal with his monetary obligations, the poor management of one's income is not the equivalent of a substantial change in circumstances sufficient to warrant a downward modification of an alimony award.
The trial court's order of June 4, 1986, is reversed and the original award of permanent periodic alimony contained in the order of May 16, 1985, shall remain in full force and effect from that date.
HERSEY, C.J., and GLICKSTEIN, J., concur.