552 So.2d 252 (1989)
Pamella HAAS, Appellant,
v.
Thomas HAAS, Appellee.
Nos. 88-1771, 88-3100.
District Court of Appeal of Florida, Fourth District.
November 8, 1989.
Rehearings Denied December 6, 1989 and December 14, 1989.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellant.
Kathryn C. Bass of McGee, Jordan, Shuey, Koons, Schroeder & Morris, P.A., Lake Worth, for appellee.
DELL, Judge.
Pamella Haas, appeals from the trial court's final judgment on modification which reduced her permanent periodic alimony and denied her claim for the fair rental value of the marital home. In a separate appeal, appellee, Thomas Haas, appeals a non-final order which granted Pamella all the furniture, furnishings and *253 household goods found in both the marital home-place and in storage. This court, by order, consolidated these two cases.
The trial court, in its final judgment of dissolution, granted Pamella Haas the exclusive use and possession of the marital home provided she complete necessary repairs within ninety days of receiving a lump-sum alimony payment, and conditioned upon her moving into the home on or before the end of the ninety-day period. The court further stated:
In failing same, the husband is hereby awarded the sole and exclusive use and possession of the homeplace until the minor daughter reaches the age of eighteen years or he remarries... . In the event either party shall move into the homeplace as stated above, he or she shall have the sole and exclusive use and possession of the same until the daughter reaches eighteen years and upon such event or upon the minor daughter's earlier death, marriage, or emancipation under the law or the remarriage of the occupying party, the house shall be placed on the open market for sale.
The final judgment required Thomas Haas to pay $2,000 per month to Pamella Haas as permanent periodic alimony. It made no reference to the furniture and household goods in the marital home. This court approved the final judgment in its entirety. Haas v. Haas, 503 So.2d 1389 (Fla. 4th DCA 1987).
Pamella Haas failed to move into the house within the ninety-day period and Thomas Haas moved the court for leave to take possession. Following a hearing, the trial court ordered "that the former marital homeplace may and should be rented by the parties in order to defray expenses, but only in the event that the former wife does not occupy the premises as her primary residence." Since Pamella Haas did not take possession, Thomas Haas again moved, on July 11, 1986, to enforce his entitlement to occupy the home. The trial court, by order dated August 18, 1986, gave Thomas Haas exclusive occupancy of the home.
Thomas Haas then petitioned the court to reduce his monthly alimony payments due to a change in circumstances. The alleged change in circumstances consisted of the loss of his board certification to practice surgery, loss of his staff privileges at St. Mary's Hospital and loss of his private surgical practice  all due to his alcoholism.
In the final judgment on modification, Judge Otis Farrington granted a reduction in alimony payments to $1,000 per month until Thomas Haas' income returned to the same level it was at the time of final judgment or until three months subsequent to his regaining his privileges at St. Mary's Hospital. The trial court denied Pamella Haas's request for reasonable rental value of the home and provided that upon her request the husband should return "the furniture, furnishings and household goods" to her. Pamella Haas then filed an affidavit to compel the return of the furniture. By order enforcing final judgment dated September 19, 1988, Judge John D. Wessel awarded all furniture, furnishings and household goods contained in the marital homeplace and in any storehouse to Pamella Haas. The trial court denied Thomas Haas's motion to vacate the order.
Pamella Haas appeals that part of the final judgment on modification which reduced her alimony and denied her claim for one-half of the reasonable rental value of the home. Thomas Haas appeals from the trial court's order enforcing final judgment which awards all furniture, furnishings and household goods to Pamella.
Pamella Haas first contends that the trial court erred in reducing her alimony from $2,000 to $1,000 per month. She argues that Thomas Haas' change of circumstances was temporary and resulted from voluntary alcoholism. A reduction in alimony is proper when a party experiences a substantial change in circumstances. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). The court will grant a reduction if the party shows that his change in circumstances is involuntary and permanent in nature. De Molina v. De Molina, 463 So.2d 405, 406 (Fla. 3d DCA 1985).

*254 The change in financial circumstances must be meaningful, relating to the needs of the spouse receiving the alimony and the ability of the other spouse to pay. (citations omitted).
Waldman v. Waldman, 520 So.2d 87, 89 (Fla. 3d DCA 1988), review denied, 531 So.2d 169 (Fla. 1988).
We said in Barry v. Barry, 511 So.2d 649, at 650 (Fla. 4th DCA 1987) that alcoholism "is properly characterized as an illness for purposes of determining property rights in a dissolution case... ." However, Barry did not address the issue of whether alcoholism is voluntary or involuntary and, therefore, it furnishes no basis for a determination that Thomas Haas' diminished earning capacity is voluntarily induced. Our decision in Linn v. Linn, 523 So.2d 642 (Fla. 4th DCA 1988), review denied, 534 So.2d 400 (Fla. 1988) provides some guidance in this case. In Linn, we stated that the husband's temporary cashflow problems, resulting from the manner in which he chose to spend his income, did not equate to a substantial change in circumstances. Id. at 643. Here, however, the reduction in funds is not due to a manner of spending but is indeed due to an actual lack of funds resulting from a diminished capacity to earn. As stated by the Fifth District Court in a suit arising out of termination of a doctor's staff privileges:
It cannot be seriously questioned that the loss of staff privileges for a doctor at a hospital is a serious disadvantage to his or her ability to continue to practice in the community... . The loss of staff privileges equates to loss of patients and ability to practice in this doctor's specialty... .
Lawler v. Eugene Wuesthoff Memorial Hospital, Ass'n., 497 So.2d 1261 at 1264 (Fla. 5th DCA 1986).
We find nothing in the record which supports Pamella Haas' argument that Thomas Haas' alcoholism is a voluntarily induced condition. Neither party produced witnesses to testify on this issue. Noting the lack of record support for this claim, we turn to a consideration of the permanency of Thomas Haas' decreased earning capacity.
The change in circumstances must be permanent in nature before a trial court may reduce alimony payments. De Molina, 463 So.2d at 406. Although Thomas Haas admits successfully taking the recertification examination of the American Board of Surgery, the record of the modification hearing does not show that he had regained his privileges at St. Mary's hospital or that he had successfully reinstituted his personal practice. On the other hand, the record does contain competent evidence that he had a substantial decrease in earning capacity and income at the time of the hearing and that his reduced earning capacity would be of sufficient duration to warrant a reduction in alimony. Therefore we find no abuse of discretion in the trial court's reduction of alimony. However, we do find that the trial court abused its discretion in the restrictions it placed on reinstatement of the alimony to the sum of $2,000 per month. The trial court conditioned reinstatement upon Thomas Haas' earnings reaching the same level as they were at the time of the final judgment or at a period of time three months after he regains privileges at St. Mary's Hospital. A strict interpretation of the order prevents Pamella Haas from seeking modification of the order to increase the alimony should the husband experience an increase in income above that shown at the time of modification. Therefore, we affirm the trial court's reduction of alimony but vacate that part of the order which restricted Pamella Haas' right to seek an increase in alimony should the husband's earnings increase above the level which they were at the time of the hearing on modification.
Pamella Haas next contends the trial court erred in failing to grant her the reasonable rental value of the marital home in which the husband resides. In Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988) our Supreme Court held:
[T]he possession of a tenant in common is presumed to be the possession of all tenants until the one in possession communicates to the other the knowledge that he or she claims the exclusive right or title and there can be no holding adversely *255 or ouster by the cotenant in possession unless the adverse holding is communicated to the other; (2) where one cotenant has exclusive possession of lands and uses the lands for his or her own benefit and does not receive rents or profits therefrom, such a cotenant is not liable or accountable to the cotenant out of possession unless he or she holds adversely or as a result of ouster or its equivalent; and (3) when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset by cotenants out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent it has exceeded his or her proportionate share of ownership.
Id. at 1377.
Under Barrow, there is no liability of a spouse in possession to the spouse out of possession where no notice of ouster has been given except:
[W]here one owner has enjoyed the occupancy and in any way seeks the assistance of a court in obtaining contribution from others in respect of improvements or protective expenditures made, he is ordinarily charged, by way of offset, with the reasonable value of his occupancy in excess of his proportionate share, even though he would not otherwise be liable; and similar adjustments are commonly made in partition suits generally. (emphasis in original).
Barrow, 527 So.2d at 1376-77 (quoting Annotation, "Accountability of cotenants for rents and profits or use and occupation", 51 A.L.R.2d 388, 395 (1957)).
Thomas Haas had an equal right to use and enjoyment of the marital home under the final judgment of dissolution provided he met certain conditions, and he fulfilled the conditions. However, under Barrow, upon sale of the home, if Thomas Haas petitions the court for contribution from Pamella Haas for maintenance expenses, Thomas Haas may be charged by offset with the reasonable value of his occupancy in excess of his proportionate share. The trial court properly denied Pamella Haas' motion to presently receive the reasonable rental value of the homeplace. It erred in not providing for her to receive a credit for one-half of the reasonable rental value at the time of sale in the event that Thomas Haas should petition for maintenance expense contribution. Therefore, we reverse the trial court's denial of her claim for one-half of the reasonable rental value of the home and remand this cause to the trial court with instructions to award her a credit at the time of sale for one-half the reasonable rental value of the home as provided in Barrow.
We find no merit in the additional points raised by appellant.
On cross appeal, Thomas Haas argues that the trial court in its order enforcing the final judgment mistakenly awarded all the furniture and household goods to Pamella Haas. He argues that the judgment on modification granted her only her own furniture, furnishings and household goods. He argues that this error is properly remedied under his 1.540 motion and argues that this court reverse and remand.
The record contains testimony from both parties showing that some furniture was moved out of the marital home and into storage but the record lacks a definitive inventory of the contents of the home at the time of dissolution. The trial court's order contains an obvious omission in that it fails to limit Pamella Haas' entitlement to the furniture, furnishings and household goods which were located in the home at the time of dissolution. Therefore, we reverse the trial court's denial of Thomas Haas' 1.540 motion and remand the cause to the trial court to limit its award of furniture, furnishings and household goods to those items in the home at the time of dissolution.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
WALDEN, J., concurs.
POLEN, J., concurs in part and dissents in part with opinion.
POLEN, Judge, concurring in part and dissenting in part.
I agree with the majority opinion in this case on all points save one. Pamella Haas, in her second point on appeal, argues the *256 trial court erred in failing to grant her prorata share of the reasonable rental value of the marital home in which the husband resides. The majority cites Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988), as the controlling authority. Barrow provides, in effect, that when the parties hold title to real property as tenants in common and only one cotenant is in actual possession, if no rents or profits are derived from the property, the cotenant out of possession cannot seek rental value of the property except in one limited circumstance. That circumstance is where the cotenant in possession seeks contribution from the other cotenant for improvements made on the real property. In that instance, the cotenant in possession may be charged as an offset against the improvement contribution he is seeking, his proportionate share of the rental value.
The record in this case does not disclose that Thomas Haas is making a request for contribution for such improvements. Thus, I would affirm the trial court's denial of Pamella Haas' claim for one-half the rental value, with the proviso that such denial would be without prejudice to further seek modification, upon the proposed sale of the former marital property, and should there be a change of circumstances wherein Thomas Haas is seeking contribution for improvements in accordance with Barrow.