PER CURIAM.
The wife appeals the trial court’s denial of permanent periodic and lump sum alimony! payment by the husband of their children’s medical and dental insurance and all of her attorney’s fees, and granting the husband marital residence expense credits.
The husband is a bank vice president. His career will continue to flourish. The wife is unemployed. Her employment prospects are limited because of lack of education and job skills. There was no evidence that the wife would be able to support herself after a period of rehabilitation. The trial court abused its discretion in failing to award the wife permanent periodic alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984).
The husband’s earning ability is far superior to the wife’s. The trial court abused its discretion in failing to order the husband to pay all of the wife’s attorney’s fees. Barry v. Barry, 511 So.2d 649 (Fla. 4th DCA 1987), review denied, 523 So.2d 576 (Fla.1988).
For thirty-five dollars a month the husband maintains insurance coverage for their children through his employer’s medical and dental group plan. The wife will have to pay higher non-group rates to get the same coverage. No reasonable person would differ as to the husband paying the children s medical and dental insurance. Canakaris.
Accordingly, we reverse and remand with directions to make the wife’s alimony award permanent periodic instead of rehabilitative. We further direct that the husband be ordered to maintain their children’s medical and dental insurance coverage and for him to pay all of the wife’s attorney’s fees. We affirm as to all other issues.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
ANSTEAD and GARRETT, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.