517 So.2d 790 (1988)
Joyce W. JOHNSON, Appellant,
v.
Richard F. JOHNSON, Appellee.
No. 87-548.
District Court of Appeal of Florida, Second District.
January 8, 1988.
A. Ann Arledge and David A. Maney, of Maney, Damsker & Arledge, P.A., Tampa, for appellant.
No appearance for appellee.
FRANK, Judge.
At the time of the parties' marriage in 1966, the wife was 18 years old and employed by Fruit Harvesters; the husband was 22 years old and employed by the W.R. Grace company. They were high school graduates, and neither possessed substantial assets. Shortly after marriage, the wife's father gave her a duplex which he titled only in her name. Later in that same year, 1966, the wife and her father borrowed *791 $8,800 to start a business, using the duplex as security for the loan. The money was used to acquire appliances for their venture known as Freight Sales Appliances.
The wife's father worked full-time for Freight Sales Appliances until his death in September of 1969, at which point the husband entered the business. The wife devoted full-time effort to the company until February of 1970 when she left to give birth to the parties' first child; she did not return. Approximately two years later the parties borrowed $10,000 to start a carpet business, Freight Sales Carpet, which operates at the same location as Freight Sales Appliances.
The wife sold the duplex that her father had given her in October of 1972 for approximately $16,500. The proceeds were used to retire a business debt; the remaining $10,000 was used to purchase and prepare the property for construction of the marital home. Construction of the home was financed by a loan from Florida First Federal. Later, the parties acquired one and-a-quarter acres of land adjacent to the home which stabled their four horses.
In August of 1985 the wife filed a petition for dissolution of marriage. The husband was required to pay interim support to the wife in the amount of $225 per week. He also paid the mortgage on the marital residence and the basic expenses associated with its maintenance. A final judgment of dissolution was entered on January 5, 1987. The husband was awarded the custodial residency of the parties' two children as well as the use and possession of the marital home until the children reach 18, marry, die, or become self-supporting. He was also awarded various trucks, trailers and equipment, most of which is used in the business. The husband also received the cattle they had purchased. The wife was awarded permanent alimony in the amount of $750 per month, and the ownership of a diesel truck, the horses and horse equipment. She was not awarded a special equity in either the marital home or the business. The trial court specifically found that no unindebted assets of substantial interest were accumulated in the name of the business which could be distributed. We reverse.
A special equity is created when a spouse brings in to or acquires during the marriage a vested interest in property which is the result of a contribution of services or funds over and above that which typically occurs during the coverture. Canakaris v. Canakaris, 382 So.2d 1197, 1200 (Fla. 1980). A special equity may be established in jointly owned marital property when funds unrelated to the marital relationship were used in the acquisition of the property. Landay v. Landay, 429 So.2d 1197 (Fla. 1983).
In the present matter, the wife used approximately $10,000 of the proceeds from the sale of her duplex to purchase and prepare the land upon which the jointly-owned marital home was built. The use of such funds, unrelated to the marital relationship, gives rise to a special equity in favor of the wife. Landay. Pursuant to Landay the wife is entitled to, in addition to her automatic one-half share, a special equity in the marital home equal to one-half the ratio which her contribution bears to the entire consideration. Landay at 1200. The wife contributed $10,000 of the total $60,000 used to acquire the land and construct the home. Upon the sale of the home the wife is entitled to receive a portion of the proceeds to be computed in accordance with Landay. See Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987).
A special equity should have also been considered in the award of the business. The predecessor, Freight Sales Appliances, was formed as a result of the funds and efforts of the wife and her father. Together they ran the business for four years while the husband was employed at W.R. Grace. The $10,000 startup cost for Freight Sales Carpet appears to have been financed out of the profits from either Freight Sales Appliances or rental proceeds from the wife's duplex.
As the trial court aptly noted, however, the trucks and equipment which form the *792 asset base of the company are heavily indebted, leaving little equity for distribution. Further, the business, by its very nature, is a service business with a constantly rotating inventory. As the husband testified "Well, if you had a $100 in your pocket, you could start one across the street tomorrow just like it." While we are not convinced that is precisely the case, we are mindful that present valuation is difficult. Upon remand the trial court should consider the award of a special equity in the business.
The wife has also challenged the alimony award of $750 per month. The husband testified that the wife would need "at least" $225 per week if she were not awarded possession of the marital home. Further, during the marriage the husband paid all of the bills associated with the home and provided the wife $200 per week to buy groceries and other miscellaneous items. During the separation, the wife received $225 per week and the husband paid all of the wife's bills. We have concluded that the sum of $750 is inadequate to satisfy the wife's needs and necessities as they were established during the parties marriage. Canakaris at 1201. We also note that permanent periodic alimony may also be used to balance inequities that result from the allocation of income-generating assets. Canakaris at 1202. In the present setting the husband was awarded the income-producing assets. The wife, however was awarded the horses and equipment which are income-consuming assets. On remand the trial court should consider alimony as a vehicle to balance this inequity.
As to the wife's remaining assertions, we find no abuse of discretion.
Accordingly, we remand this matter to the trial court for further proceedings consistent with this opinion.
SCHEB, A.C.J., and LEHAN, J., concur.