RYDER, Judge.
Dona B. Davis challenges the trial court’s denial of her claim for special equity in the proceeds of the sale of the marital residence in the final judgment dissolving the marriage herein. We reverse.
Appellee Dennis Carr contributed his current salary income and Davis contributed current rental income from her real property, as well as funds derived from the sale of premarital property, to pay marital expenses. Carr’s salary income and Davis’ rental income are placed in the marital “pot.” However, to the extent Davis can show that proceeds from the sale of her. *670 premarital property were used to pay marital expenses, she has a special equity. Johnson v. Johnson, 517 So.2d 790 (Fla. 2d DCA 1988); Horton v. Horton, 480 So.2d 258 (Fla. 2d DCA 1986).
The trial court abused its discretion in denying Davis’ special equity claim because Davis clearly showed in her uncontradicted testimony that funds traceable to premarital assets were used to pay marital expenses, including the down payment on the marital home and other expenses related thereto. By treating the marital home as marital property and dividing it in half, the court has deprived Davis of her special equity therein.
Although Davis’ testimony was confusing and seemingly not credible, she clearly proved that the proceeds from the premarital property went into the “pot.” The trial court should not have denied her a special equity merely because the accounting was difficult or confusing. Davis is entitled to at least some amount of special equity in the marital home. The trial court must determine the precise amount and reapportion the proceeds from the sale of the marital home in accordance with the formula set forth in Landay v. Landay, 429 So.2d 1197 (Fla.1983).
We reverse the order appealed and remand for proceedings consistent with this opinion.
CAMPBELL, C.J., and PATTERSON, J., concur.