DANAHY, Acting Chief Judge.
The wife in this dissolution action appeals the final judgment contending the trial court erred in its awards of permanent periodic and rehabilitative alimony and the equitable distribution scheme. We find merit in only one of the issues she raises— that the award of permanent alimony is inadequate. We, therefore, affirm in part and reverse in part.
The parties in this twenty-one year marriage had achieved a high standard of living due mainly to the husband’s longtime employment as a commercial airline pilot where his annual income, at the time of his dissolution petition, was in excess of $150,000. He had also amassed a substantial retirement fund. Despite all that, the parties were heavily in debt. After bifurcating the issues, the trial court ordered them to liquidate almost all of the marital assets in order to pay these debts. At the time of the final hearing, they had not yet done so and this debt burden remained high. Consequently, in the final judgment, the trial court ordered that each party be responsible for half of this marital debt and that they apply the proceeds from the liquidation of their marital assets to these debts. The only remaining marital asset of any value was the husband’s retirement fund. Although there was dispute about the value of this pension fund, the trial court in its final judgment awarded the wife a one-third interest in the fund’s value as of the date of the final judgment, reserving jurisdiction to enforce this aspect of the order should the wife encounter any administrative problem in the transfer. Contrary *54 to the wife’s contention, we find no abuse of the trial court’s discretion in so distributing the only remaining marital asset of any value. Hatcher v. Hatcher, 533 So.2d 917 (Fla. 2d DCA 1988).
In addition to the one-third interest in the husband’s retirement fund, the trial court awarded the wife $500 per month permanent alimony and $500 per month rehabilitative alimony for two years with leave to apply for an extension. We agree with the wife that the award of $500 per month permanent alimony was an abuse of discretion. Although the wife had worked outside the home in recent years, her income as a real estate salesperson fluctuated greatly. At the time of the final hearing she was enrolled in a community college and outlined plans to pursue a graduate degree and, ultimately, to enter the legal profession. The trial court considered these plans when it granted her leave to seek an extension of rehabilitative alimony depending on her scholastic performance and progress toward these goals.
Given the various circumstances of this case, including the long duration of the marriage, the continued superior income-producing ability of the husband, and the fact that the wife was awarded no marital assets that she can presently use to ameliorate her financial condition, it was an abuse of the trial court’s discretion to award such an inadequate permanent periodic alimony sum.[1] See Bowen v. Bowen, 543 So.2d 1284 (Fla. 2d DCA 1989); Johnson v. Johnson, 517 So.2d 790 (Fla. 2d DCA 1988); Pirino v. Pirino, 525 So.2d 1028 (Fla. 5th DCA 1988); cf. Lovelady v. Lovelady, 576 So.2d 946 (Fla. 2d DCA 1991) (no abuse of discretion to award $700 per month alimony; although insubstantial, incomes also meager). As a result of the final judgment, her current and expected economic situation in the foreseeable future is bleak indeed and clearly demonstrates that she was shortchanged. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). It is questionable that she will even manage to make ends meet given the most basic housing and tuition demands, much less other daily requirements. The fact that she plans to become self-supporting in the future, at the completion of graduate school, does not support the trial court’s award. Merely because the wife may obtain a job and produce income does not mean that she will become self-supporting. O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). We find it unreasonable that the trial court so discounted her demonstrated needs as well as the husband’s present and superior ability to provide support. Cf. DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983).
We reverse the award of permanent periodic alimony and remand to the trial court to enter an increased award based on the wife’s financial need and the husband’s ability to meet that need in light of his greater current and expected income. In all other respects the trial court’s award is affirmed.
PARKER and ALTENBERND, JJ., concur.

. Because the trial court ordered the parties to liquidate all marital assets, the husband was not awarded any marital property either except for the remaining two-thirds interest in the retirement fund. He still possesses, however, an income-producing ability far superior to that of the wife.